No. 22-1010

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| TIMOTHY KING, | ) | FILED |
|  | ) | Feb 24, 2022 |
| Plaintiff, | ) | DEBORAH S. HUNT, Clerk |
|  | ) |  |
| STEFANIE LYNN JUNTTILA, | ) |  |
|  | ) |  |
| Interested Party-Appellant, | ) | O R D E R |
|  | ) |  |
| v. | ) |  |
|  | ) |  |
| GRETCHEN WHITMER, et al., | ) |  |
|  | ) |  |
| Defendants-Appellees. | ) |  |

Before: GUY, CLAY, and DONALD, Circuit Judges.

In four related appeals, of which this is one, various attorneys challenge the district court's imposition of monetary and non-monetary sanctions against them for engaging in abusive litigation practices in the district court. On February 22, 2022, Attorney Stefanie Lynn Junttila moved to stay the non-monetary portion of the district court's sanctions award, issued on August 25, 2021, which ordered: (1) her to complete—before February 25, 2022—at least twelve hours of continuing legal education offered by a non-partisan organization on the subjects of pleading standards and election law; and (2) the clerk to send a copy of the order to the Michigan Attorney Grievance Commission and to the disciplinary authority where she is admitted to practice law so those organizations could initiate an investigation into her possible suspension or disbarment.

A motion to stay should first be sought in the district court unless the movant can "show that moving first in the district court would be impracticable." Fed. R. App. P. 8(a)(2)(A)(i). Junttila acknowledges that she did not first move the district court for a stay, based on similar reasons as set forth by the attorneys in *King v. Whitmer*, No. 21-1786. The same reasons that support our denial of a stay in that appeal support the denial of Junttila's motion.

Accordingly, the motion to stay is **DENIED**.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk