CASE NO. 22-1010

---

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

---

TIMOTHY KING,

     Plaintiff,

and

STEFANIE LYNN JUNTTILA,

     Interested Party-Appellant,

v.

GRETCHEN WHITMER; JOCELYN BENSION; CITY OF DETROIT, MI,

     Defendants /Appellees.

---

Appeal from the United States District Court
Eastern District of Michigan
Civil Case No. 2:20-cv-13134

---

**CORRECTED BRIEF ON APPEAL**

Ms. Stefanie Lynn Junttila
Federal Criminal Attorneys of Michigan
500 Griswold Street
Suite 2340
Detroit, MI 48301

## RULE 26.1 DISCLOSURE

Pursuant to Federal Rule of Appellate Procedure 26.1 and Sixth Circuit Local Rule 26.1, Appellant certifies that as a natural person they have no parent corporation and no publicly held corporation owns 10%.

<u>TABLE OF CONTENTS</u>

<u>RULE 26.1 DISCLOSURE</u> ........................................................... i

<u>TABLE OF AUTHORITIES</u> ..................................................... iv

<u>STATEMENT ON ORAL ARGUMENT</u> ............................... vii

<u>JURISDICTION</u>...........................................................................0

<u>STATEMENT OF ISSUES</u> ........................................................0

<u>STATEMENT OF THE CASE</u>....................................................1

*A. Introduction* .......................................................................1

*B. Appellant's Role in the District Court Proceedings*............3

*C. Procedural History* .............................................................4

<u>SUMMARY OF THE ARGUMENTS</u> ......................................7

<u>ARGUMENT</u> ............................................................................12

*A.    Standard of Review* ........................................................12

*B.    Appellant Made No Presentment in the Lower Court*.................12

*C.    Appellant was not "Responsible" for Any or All Potentially Sanctionable Conduct Committed by the Other Attorneys and Did Not Cause Such Conduct* ...........................................................................15

*D.    The District Court Erred in Imposing Any Sanctions Under 28 U.S.C. § 1927* ................................................................................17

*E.    The District Court Committed Legal Error in Relying on Its Inherent Authority to Award Sanctions* .......................................19

*F.    The District Court Erred by Not Analyzing Each Attorneys' Individual Conduct* ...........................................................................22

CONCLUSION AND RELIEF REQUESTED ......................................................26

CERTIFICATE OF COMPLIANCE.........................................................28

CERTIFICATE OF SERVICE ................................................................29

DESIGNATION OF RELEVENT DISTRICT COURT RECORDS ....................30

<u>TABLE OF AUTHORITIES</u>

**Cases**

*Amchem Products, Inc. v Windsor*, 521 U.S. 591 (1997)........................................16

*Animal Welfare Inst. v. Feld Entm't, Inc.*, 944 F. Supp. 2d 1 (D.D.C. 2013) .........20

*BDT Prods., Inc. v. Lexmark Intern, Inc.*, 602 F.3d 742 (6th Cir. 2010) ...............22

*Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991)............................................... 19, 20

*Conner v. Travis Cnty.*, 209 F.3d 794 (5th Cir. 2000)..................................... 17, 19

*Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384 (1990)..................... 10, 12, 13, 17

*Fidelity Nat'l Title Ins. Co. v. Intercounty Nat'l Title Ins. Co.*, 412 F.3d 745 (7th Cir. 2005)...............................................................................................................20

*Fuery v. City of Chicago*, 900 F.3d 450 (7th Cir. 2018)........................................22

*Goodyear Tire & Rubber Co. v. Haeger*, 137 S. Ct. 1178 (2017)..........................23

*In re Ruben*, 825 F.2d 977 (6th Cir. 1987) ...................................................... 22, 23

*Koon v. United States*, 518 U.S. 81 (1996).............................................................15

*Nieves v. City of Cleveland*, 153 F. App'x 349 (6th Cir. 2005) ................. 10, 13, 17

*Pavelic & LeFlore v. Marvel Entertainment Group*, 493 U.S. 120 (1989).............13

*Red Carpet Studios Div. of Source Advantage, Ltd. v. Sater,* 465 F.3d 642 (6th Cir. 2006) .................................................................................................................. 18, 21

*Ridder v City of Springfield*, 109 F.3d 288 (6th Cir. 1997)...................................18

*Runfola & Assocs., Inc. v. Spectrum Reporting II, Inc.*, 88 F.3d 368 (6th Cir. 1996) ............................................................................................................................12

*Salkil v. Mount Sterling Twp. Police Dep't,* 458 F.3d 520 (6th Cir. 2006).............18

*Sentis Group, Inc. v. Shell Oil Co.*, 559 F.3d 888 (8th Cir. 2009) .........................20

*Terry v. Tyson Farms, Inc.*, 604 F.3d 272 (6th Cir. 2010) ......................................13

*Tucker v. Williams*, 682 F.3d 654 (7th Cir. 2012) ....................................................21

*United States v Aleo*, 681 F.3d 290 (6th Cir. 2012)..................................................19

*United States v. One 1987 BMW 325*, 985 F.2d 655 (1st Cir. 1993).......................20

*United States v. Rogers Cartage Co.*, 794 F.3d 854 (7th Cir. 2015).......................20

*United States v. Throckmorton,* 98 U.S. 61 (1878) ..................................................25

*Webster v. Sowders*, 846 F.2d 1032 (6th Cir. 1988)............................ 10, 13, 17, 19

*Wikol v. Birmingham Pub. Schs. Bd. of Educ.*, 360 F.3d 604 (6th Cir. 2004) ........12

*Zaldivar v. City of Los Angeles*, 780 F.2d 823 (9th Cir. 1986) ...............................16

## Statutes

28 U.S.C. § 1291 ..........................................................................................................0

28 U.S.C. § 1331 ..........................................................................................................0

28 U.S.C. § 1343 ..........................................................................................................0

28 U.S.C. § 1927 ................................................................................................. passim

28 U.S.C. § 2201 ..........................................................................................................0

28 U.S.C. § 2202 ..........................................................................................................0

## Other Authorities

*Notes of Advisory Committee on Rules - 1993 Amendment – Rule 11* ............. 13, 15

Stern, Supreme Court Practice (2002) .................................................................... vi

**Rules**

Fed. R. App. P. 4(a)(1)(A) ............................................................................0

Fed. R. Civ. P. 11 ................................................................................ passim

**Unpublished Opinions**

*Morris v. Wachovia Sec., Inc.*, No. 3:02-cv-797, 2007 WL 2126344 (E.D. Va. 2007).............................................................................................................9

*Siddle v. Crants*, No. 3:09-cv-00175, 2013 U.S. Dist. LEXIS 43791, at *114 (M.D. Tenn. Mar. 26, 2013)............................................................................17

## STATEMENT ON ORAL ARGUMENT

"[O]ral argument is the absolutely indispensable ingredient of appellate advocacy…. [The] whole notion of what a case is about crystallizes at oral argument." Stern, Supreme Court Practice, p. 671 (2002) (quoting Justice Brennan).

Appellant respectfully requests oral argument in this case. Without holding any evidentiary hearing or taking testimony as to the sanctions issue, the district court issued a blanket order of sanctions "jointly and severally" against a host of attorneys representing multiple clients at varying stages of the underlying litigation without identifying, much less articulating, how and the extent to which each attorney (including Appellant) was individually responsible for the alleged sanctionable conduct. The district court also did not identify what rules or statutes justified the additional apparently punitive, and indeed, retaliatory measures, it imposed in addition to those ordinary sanctions that might be imposed, if justified. The obscure nature of this "blanket general order" is especially pronounced in the case sub-judice because Appellant was not involved in the original proceedings; indeed, she only filed an appearance and a notice of appeal *after* the final judgment was rendered.

In addition to its technical deficiencies, the district court's order has a significant chilling effect upon lawyers who may be asked to represent clients in legal proceedings, and specifically for purposes of Appellant's case, on appeal. Access to legal representation is a fundamental right and an essential element of the

rule of law.  Appellant submits that this Court must hear the oral arguments of the attorneys sanctioned to assure the interests of justice are met and to determine for itself, the public, and the bar at large how these sanctions are justified as to the alleged sanctionable conduct of the lawyers.

JURISDICTION

Jurisdiction of this appeal is based on 28 U.S.C. § 1291.  In the underlying case, Plaintiffs invoked the jurisdiction of the District Court under 28 U.S.C. §§ 1331, 1343, 2201, and 2202.  Appellant is subject to a final judgment of the District Court entered on December 2, 2021, in the underlying litigation, which judgment was preceded by two separate opinions and orders.  (Case No. 20-cv-13134, Opinion and Order, 08/25/21, RE 172, PageID # 6890-6999; Opinion and Order, 12/02/21, RE 179, PageID # 7142-7168; Judgment, 12/02/21, RE 180, Page ID # 7169-7170).[1]

Appellant filed a timely notice of appeal on January 5, 2022, properly invoking the appellate jurisdiction of this Court under 28 U.S.C. § 1291 and Federal Rules of Appellate Procedure 4(a)(1)(A).

STATEMENT OF ISSUES

Whether sanctions were justified as against Appellant where she did not appear in, participate in, or prosecute the original action; did not sign, file, submit, or later advocate from an earlier pleading in the trial court; and was merely hired as

---

[1]  Due to the nature of this appeal (an appeal from a post-judgment order of sanctions), Appellant refers the Court to the record proceedings in the underlying litigation by reference to the docket entry number, and, where necessary attaches any of the pleadings from that proceeding as part of the record.  Further, the transcript on oral arguments for the July 12, 2021, hearing on the various sanctions motions that were filed is also relied on and cited to herein and has been made a part of the record. (Hearing Transcript, 07/12/21, RE 157, PageID #5303-5535 (TR)).

appellate counsel for her client, and filed an appearance and notice of appeal for that purpose *after* the principal case had been decided?

STATEMENT OF THE CASE

### A.  Introduction

Appellant's place and role in the underlying litigation was *minimal*.  Her role as an appellate attorney fundamentally differs from that of a litigation attorney, and that bears directly upon the District Court's authority to sanction her as explained herein.

Appellant's role must also be contrasted by reference to the entire landscape of litigation surrounding the November 2020 election.  It is, without doubt, an election that was the most litigated in this nation's history.  There remain significant, legitimate concerns with the manner and means by which state officials and private entities ran the November 2020 election during a global pandemic, the latter of which fundamentally changed the entire day-to-day interactions between government and the citizenry during that election.  Never in history has an election involving nearly 160,000,000 voters been run and operated with measures that completely upended the traditional ways of conducting elections – bipartisan and personal observation at the polling locations was muted, at best; in-person voting at the polls (as opposed to by absentee ballot) was extremely impacted in most states; changes in the way votes and ballots were processed into voting machines,

adjudicated, and counted were widespread and not at all uniform nationwide; impromptu and improvised measures due to the COVID19 pandemic, such as national and state social distancing and masking rules, were implemented in varying degrees of strictness and diverse ways at polling locations throughout the country – all leading to the conducting of a national election unlike any that had ever been seen before in the history of this country.

The situation in the state of Michigan was no different than many other states, especially in larger municipalities. Many individuals who participated in the election process, whether as voters, electors, or as participants in the democratic process of assisting with the running of election in accordance with the law and regulations were vocal and adamant about what they felt were significant irregularities.

In the midst of this, the plaintiffs in the underlying litigation filed suit on November 25, 2020 (Complaint, 11/25/2020, RE1, PageID # 1-75), three days after the Board of Canvassers issued their final reports of the vote counts. This litigation proceeded through its various stages in the District Court as most ordinary litigation matters do. However, no one can dispute that during that time, outside political and legal events were taking place, some pursuant to the respective laws and constitutions of the state and federal government, that directly affected the course of the underlying litigation. While post-election lawsuits are not uncommon, most, if

not all are inevitably subjected to the happening of political and legal events (facts) that are outside of their control, but which may dictate the ultimate outcome of the lawsuit. Aside from attempting to enjoin certain of these events at a local, and even perhaps statewide level, there is little that can be done to stop the general proceedings that occur by operation of law and the constitution. The best that the parties can hope for is that the actual facts supporting the legal theories that they have plead or may plead will be litigated to their conclusion.

### B. Appellant's Role in the District Court Proceedings

Appellant has been practicing law for 15 years, with 12 of those years serving as a prosecutor. She has been operating her own law firm for the past several years specializing in criminal defense and criminal and civil fraud litigation and appeals. She has handled thousands of cases. As a result of her experience, she has a significant federal court practice.

She was therefore engaged as local counsel to appeal this case on behalf of the plaintiffs and did not file or sign any of the underlying pleadings prior to dismissal of the case by the District Court. Her appearance and notice of appeal were filed on December 8, 2020, the day after the District Court's opinion and order dismissing the case. (Notice of Appearance, 12/08/2020, RE 63, PageID # 3331; Notice of Appeal, 12/08/2021, RE 64, PageID # 3332). Meanwhile, a petition for certiorari was being filed in the United States Supreme Court, and same was docketed on

3

December 18, 2020. (See Supreme Court Letter Docketing Petition Docket No. 20-815, RE 68, 12/18/2020, PageID # 3337).

By January 14, the District Court case had been dismissed by the parties. However, the Supreme Court had yet to rule on the petition for certiorari. That did not occur until February 22, 2021, when the Court denied the petition.

### C.  Procedural History

For purposes of this appeal, the district court was addressing motions for sanctions filed by three sets of defendants, intervening defendant Robert Davis' ("Davis") motion against all counsel for plaintiffs was brought pursuant to 28 U.S.C. § 1927 (Motion for Sanctions, 12/22/2020, RE 69, PageID # 3338-3349); intervening defendant City of Detroit ("Detroit") sought sanctions under Rule 11 of the Federal Rules of Civil Procedure and sought relief including disciplinary action, up to and including referral for disbarment under the disciplinary bodies of the respective state bars of which the counsel for plaintiffs were members (Motion to Dismiss and for Sanctions, 12/22/2020, RE 73, PageID # 3544-3580); and the "State Defendants" Michigan Secretary of State Jocelyn Benson ("Benson") and Michigan Governor Gretchen Whitmer ("Whitmer") (State's Motion for Sanctions, 01/28/2021, RE 105, PageID # 4334-4378; Hearing Transcript, 07/16/21, RE 157, PageID # 5312-5313).

4

During the hearing on those motions, the District Court advised counsel that the motions had "adequately put Plaintiffs and Plaintiffs' counsel on notice of the conduct alleged to be sanctionable" (Hearing Transcript, 07/16/21, RE 157, PageID # 5313). Ultimately, regardless of their involvement and at what stage of the proceedings they had appeared and filed pleadings, the District Court issued a blanket general order sanctioning each of the nine attorneys "jointly and severally" whose names appeared on any of the filings for any of the plaintiffs; a fee award of $175,250 (presumably for "reasonable" legal fees incurred under Michigan's requisite analysis for assessing same); referral to each of the attorney's respective state bar; and for each attorney to fulfill a continuing legal education requirement. (Judgment, 12/02/2021, RE 180, PageID # 7170).

On December 22, 2020, the City of Detroit filed its Motion to Dismiss and for Sanctions. (Motion to Dismiss and for Sanctions, 12/22/2020, RE 73, PageID # 3544-3580). Sanctions were sought only under 28 U.S.C. § 1927. (*Id.,* Page ID # 3576-3578). On January 5, 2021, the City of Detroit filed another Motion for Sanctions, for Disciplinary Action, for Disbarment Referral and for Referral to State Bar Disciplinary Bodies. (Detroit Motion for Sanctions, et al., RE 78, Page ID # 3616-3671). It relied only on Rule 11. *Id.*

The trial court later held that this latter motion mooted the City of Detroit's motion filed on December 22, 2020, and dismissed the former for that reason.

5

(Opinion and Order, 07/09/21, RE 149, Page ID# 5266-5268).   Intervenor Robert Davis (Davis) moved for sanctions on December 22, 2020, on the basis of the court's inherent authority and 28 U.S.C. § 1927.  (Motion for Sanctions, 12/22/2020, RE 69, PageID # 3338-3349).   Throughout all trial court proceedings, Davis' role was minimal and described by the trial court as doing "more to interfere with than assist," "clogg[ing] the Court's docket," and "add[ing] little to the discussion." (Opinion and Order, 08/25/21, RE 172, PageID # 6994).  The State Defendants filed their Motion for Sanctions under 28 U.S.C. §1927 and the court's inherent authority on January 28, 2021. (State's Motion for Sanctions, RE 105, PageID # 4334-4378).

On July 12, 2021, the District Court held a remote hearing and on August 25, 2021, issued its Opinion and Order imposing sanctions against all nine attorneys whose name appeared on any filing for the Plaintiffs.  (Opinion and Order, 08/25/21, RE 172, PageID # 6890-6999).  The trial court relied on Rule 11 and its inherent authority for sanctions as to the filing of the Complaint and Amended Complaint. (*Id.*, Page ID # 6942-6991).  It relied on § 1927 for the failure of the Plaintiffs to dismiss those claims promptly after the casting of the electoral votes on December 14, 2020. (*Id.*, Page ID # 6938-6941).

The sanctions were the same as to all nine attorneys who represented the Plaintiffs: joint and several liability for the fees and costs of the State Defendants

and the City of Detroit, 12 hours of continuing legal education,[2] and a referral to all state bars and federal courts to which the nine attorneys were admitted for investigation and possible suspension or disbarment. (*Id.*, Page ID # 6996-6997). After the August 25, 2021, ruling, the City of Detroit and the State Defendants submitted attorney fee details. (State Defendants Notice, 09/08/2021, RE 173, PageID # 7000-7003; Detroit Notice of Statement of Fees, RE 174, PageID # 7018-7019). The State Defendants sought $21,965 for two attorneys. *Id*. The City requested $182,192 for the work of six attorneys and an assistant paralegal. (Detroit Exhibit in Support of Attorney Fees, 09/08/2021, RE174-1, Page ID # 7021-7097).

On December 2, 2021, the trial court issued an opinion and order concluding that plaintiffs' counsel "jointly and severally, shall pay attorney fees in the amount of $21,964.75 to Defendants Gretchen Whitmer and Jocelyn Benson" and $153,285.62 to the City of Detroit. (Judgment, 12/02/2021, RE 180, Page ID # 7169-7170). Appellant appeals from this decision for the following reasons.

## SUMMARY OF THE ARGUMENTS

To fall under Rule 11, an attorney must "present," as that term is defined, "a pleading or other submission to the trial court" Rule 11(b), or be "responsible" for the violation of Rule 11, Rule 11(c). Without differentiating between any of the

---

[2] Appellant fulfilled this part of the District Court's sanction after a stay was denied by this Court. (Affidavit of Stefanie Lambert Juntilla, 02/28/2022, RE 204, Page ID # 7450-7451).

types of pleadings filed or the chronology of when attorneys appeared in the action and what their roles were, the trial court reasoned that Appellant presented pleadings to the court. "By agreeing to place their names on pleadings and/or motions, counsel are responsible for those submissions and will be held accountable." (Opinion and Order, 08/25/2021, RE 172, Page ID # 6917).

The trial court erred because Rule 11(b) sets forth, and is limited to, four "presenting" acts "signing, filing, submitting, or later advocating" a pleading. Having one's name on a non-substantive pleading, here, merely an appearance and notice of appeal, without more, does not constitute one of the four acts that would constitute the intent behind sanctioning under Rule 11 – these are not substantive pleadings or assertions as to anything other than that at least one of the plaintiffs was going to appeal on *issues of law* on December 8, 2020 (Notice of Appearance, 12/08/2020, RE 63, PageID # 3331; Notice of Appeal, 12/08/2020, RE 64, PageID # 3332). Aside from an appellate attorney's role as one that identifies and appeals legal issues fairly raised during the lower court proceedings, the filing of an appeal has to be done as quickly and as diligently as possible, but, more immediately in this case because of those outside facts that occur consequent to and attendant to any national election cycle.

The trial court also erred in lumping Appellant in with the other attorneys on the basis that she was "responsible" for the violation of Rule 11. The trial court

relies, in part, only on *Morris v. Wachovia Sec., Inc.*, No. 3:02-cv-797, 2007 WL 2126344, at *9 (E.D. Va. 2007) (Opinion and Order, 08/25/21, RE 172, Page ID # 6915-6916). But that case did not actually hold that an attorney can be deemed responsible under Rule 11(c)(1) if her name appears on pleadings. In fact, the district court there held that an attorney whose name appeared on a pleading as "counsel of record" was *not* responsible for another attorney's alleged violation of Rule 11.

Appellant's situation is even further removed. The mere formalities of filing an appearance and a notice of appeal does not implicate that attorney with every other document pleading or substantive factual allegation filed in the case by prior attorneys. Many appellate attorneys file appearances and notices of appeal simply to preserve the appeal and the issues in the case.

Indeed, appellate attorneys argue the legal issues that are preserved or fairly raised by the proceedings below. *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006). Appellate lawyers are focused on the appeal and are not subject to sanctions for merely filing an appeal.

This Court has ruled similarly that "the sanction statutes, the rules, and the case law provide for fairly clear separation between conduct on appeal sanctionable by the appellate court and conduct in the trial court sanctionable by the trial court. Just as it appears clear that a trial judge cannot sanction a party or lawyer for taking an appeal, we do not believe that it is proper here for the District Judge to threaten

to sanction the defendants or their attorney for filing a motion to stay his order pending appeal on the grounds that the underlying appeal is frivolous. The only purpose of such threat is to prevent an appeal. Appeals of district court orders should not be deterred by threats from district judges." *Webster v. Sowders*, 846 F.2d 1032, 1040 (6th Cir. 1988) (cleaned up). See also *Nieves v. City of Cleveland*, 153 F. App'x 349, 354 (6th Cir. 2005), in which this Court, citing *Webster*, *supra*, reiterated the "clear separation between conduct on appeal sanctionable by the appellate court and conduct in the trial court sanctionable by the trial court" and stated that a district court "has no authority under Rule 11 to sanction a party or a lawyer for filing even a frivolous appeal." This Court's position in this regard was confirmed by the Supreme Court in *Cooter & Gell v. Hartmax Corp*, 496 U.S. 384, 409 (1990), superseded in other regards by amendment to Rule 11 introducing the "safe harbor" rule for motions for sanctions during *underlying litigation*, in which the court held plainly that Rule 11 does not authorize a district court to award attorney's fees for the filing of appeals. The Supreme Court reasoned that "neither the language of Rule 11 nor the Advisory Committee Note suggests that the Rule could require payment for any activities outside the context of district court proceedings." *Id*. at 406.

Indeed, the District Court here expressly acknowledged that it was *not* sanctioning "any conduct that occurred on appeal," (Opinion and Order, 08/25/2021,

10

RE 172, PageID # 6992), and presumably, this was because the District Court understood this Court's admonition in *Webster*, *supra*, that trial courts must refrain from sanctioning appellate attorneys for seeking appellate review of its legal rulings precisely because doing so would thwart the pursuit of justice and have the chilling effect of discouraging appeals.

Similarly, the District Court's award under 28 U.S.C. § 1927 is erroneous because the mere filing of a notice of appearance and appeal – preserving an appeal – had to occur regardless whether the case was ultimately dismissed. Finally, it was error for the District Court to award sanctions against Appellant under its inherent authority for the filing of the Complaint and First Amended Complaint. Rule 11 should be considered the exclusive authority to assess sanctions for objectionable pleadings. Even if not precluded by Rule 11, nothing Appellant did constituted the requisite misconduct or bad faith to justify sanctions under a court's inherent authority.

The District Court also erred in issuing a blanket general sanctions order without specifically identifying and substantively reasoning why and how the conduct of each individual attorney was sanctionable, and failed in assessing sanctions only on that basis. Instead, the District Court treated all nine attorneys as a group and then sanctioned them for whatever any other attorney in the group did or said.

Given her limited role, the sanctions of $175,250, and state bar referral for possible disbarment were excessive and grossly disproportional to Appellant's conduct. The trial court abused its discretion and its judgment should be reversed.

## ARGUMENT

### A.    Standard of Review

A trial court's decision to grant sanctions under Rule 11 is reviewed for abuse of discretion. *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 400 (1990). The same standard applies to decisions awarding sanctions under § 1927 and a district court's inherent authority. *Runfola & Assocs., Inc. v. Spectrum Reporting II, Inc.*, 88 F.3d 368, 375 (6th Cir. 1996). "A district court abuses its discretion when it (1) relies upon clearly erroneous factual findings; (2) applies the law improperly, or (3) uses an erroneous legal standard." *Wikol v. Birmingham Pub. Schs. Bd. of Educ.*, 360 F.3d 604, 611 (6th Cir. 2004).

### B.    Appellant Made No Presentment in the Lower Court

Rule 11 only applies to the presenting of pleadings, motions, or other papers to the *trial* court through four specific acts:

> (b) Representations to the Court. By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances. . .

12

See also *Notes of Advisory Committee on Rules - 1993 Amendment – Rule 11*. "The rule applies only *to assertions* contained in papers filed with or submitted to the court." *Id*. (emphasis added).

Rule 11 must be interpreted as written and is limited to those elements contained in the rule. *Pavelic & LeFlore v. Marvel Entertainment Group*, 493 U.S. 120, 123 (1989). As the Supreme Court has stated: "We give the Federal Rules of Civil Procedure their plain meaning… [w]hen we find the terms…unambiguous, judicial inquiry is complete." *Id*. One critical inquiry is what constitutes a presenting act. "Presentment" within the meaning of the rule is limited to those four defined acts. *Terry v. Tyson Farms, Inc.*, 604 F.3d 272, 283 (6th Cir. 2010) (relies on interpretation maxim that "the expression of one thing is the exclusion of others" which "justif[ies] the inference that [activities] not mentioned were excluded by deliberate choice, not inadvertence....")

Presentment includes the requirement of a substantive act. Filing an appearance and a "notice of appeal", without more, cannot subject one to Rule 11 sanctions. *Webster*, *supra*; *Nieves*, *supra*; *Cooter & Gell*, *supra*. The trial court erred because Appellant cannot be liable for sanctions under Rule 11(b) where she merely filed her appearance as appellate counsel and filed a notice of appeal. There is nothing in the factual record showing that Appellant did anything more than

preserve the appeal rights of the plaintiffs by filing an appearance and notice of appeal.

As to whether Appellant could have filed or submitted anything later "advocating to the court", the last possible minimum conduct necessary for application of Rule 11(b), the District Court could not have so concluded. For an attorney to have advocated a position from a pleading or other document already submitted to the court, there would have to be direct attribution and advocating to the District Court from a prior filing. This would mean that any appearance and notice of appeal filed by an appellate attorney with Appellant's specific experience and background would give rise to that attorney possibly being sanctioned just for doing what appellate attorneys do if they are called upon to file an appeal – an appearance and notice of appeal preserves the jurisdiction of the appellate court, immediately seeks to preserve all appellate rights and issues raised, and establishes a potential timeline for further appellate proceedings, which could be focused on a very esoteric, unique, nuanced, and indeed *reviewable* question of law, regardless of the substance and content of the pleadings below.

Despite the clarity of how Rule 11(b) defines "presenting," the District Court, without citing any authority, found that Rule 11 extended to any attorney whose name appears on a pleading. "By agreeing to place their names on pleadings and/or motions, counsel are responsible for those submissions and will be held

accountable." (Opinion and Order, 08/25/202, RE 172, Page ID 6915-6917).  The District Court erred in applying Rule 11(b), and specifically by not limiting "presenting" to what is stated in the rule, the trial court committed an error of law. This constitutes an abuse of discretion. *Koon v. United States*, 518 U.S. 81, 100 (1996) ("A district court by definition abuses its discretion when it makes an error of law.")

> **C.**    ***Appellant was not "Responsible" for Any or All Potentially Sanctionable Conduct Committed by the Other Attorneys and Did Not Cause Such Conduct***

An attorney who does not present a pleading to a court may be in violation of Rule 11 if she was "responsible" for the violation of Rule 11 by someone else:

> (c) Sanctions
>
> (1) In General. If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation. (Fed. R. Civ. P. 11(c)(1)).

According to the Advisory Committee Notes, determining whether an attorney is "responsible for the violation" is a question of causation between the non-presenting attorney and the violation:  "[t]he revision permits the court to consider whether other attorneys in the firm, co-counsel, other law firms, or that party itself should be held accountable for their part in causing a violation." Notes of Advisory Committee, *supra*.  Advisory Committee Notes are frequently used to interpret the FRCP and

15

other court rules. *Amchem Products, Inc. v Windsor*, 521 U.S. 591, 614 (1997) (Supreme Court relies extensively on Adv. Comm. Notes to interpret FRCP 23). See also *Zaldivar v. City of Los Angeles*, 780 F.2d 823, 830 (9th Cir. 1986) (same to interpret Rule 11).

Despite the fact she only filed an appearance and notice of appeal, the District Court concluded Appellant was "responsible" under Rule 11(c)(1), issuing the blanket statement: "By agreeing to place their names on pleadings and/or motions, counsel are responsible for those submissions and will be held accountable." (Opinion and Order, 08/25/202, RE 172, Page ID 6915-6917).

As to what the District Court should have considered, the question of whether an attorney is "responsible" under Rule 11(c)(1) requires that an attorney had "a part in *causing* the violation." (Notes of Advisory Committee on Rule 11 – 1993 Amendment). However, the District Court completely disregarded the fact that Appellant did not file *any of the litigation pleadings* and thus could not have supervised or oversaw those filings, or their strategy, or, much less have been "responsible" for them in the causative sense that is targeted by Rule 11.

Moreover, basic logic dictates that if a district court cannot sanction an appellate attorney for filing an appeal (appeal itself is not sanctionable conduct), see *Webster*, *supra*; *Nieves*, *supra*; *Cooter & Gell*, *supra*, then such unsanctionable

conduct cannot be the *cause of* any other ostensibly sanctionable conduct in the lower court proceedings.

Thus, Appellant cannot be "responsible" within the meaning of Rule 11 for having caused others to engage in the allegedly sanctionable conduct.

### D.    The District Court Erred in Imposing Any Sanctions Under 28 U.S.C. § 1927

Again, in a general blanket order applicable to all attorneys, the District Court imposed sanctions under §1927 because Plaintiffs' counsel failed to dismiss immediately after December 14 and instead waited until January 14, 2021.

Section 1927 provides:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct 28 U.S.C. § 1927.

*A priori* since a trial court does not have authority under Rule 11 to sanction an appellate attorney for filing an appeal, and that is the role Appellant had in this case, see *Webster*, *supra*, *Nieves*, *supra*, *Cooter & Gell*, *supra*, sanctions under 28 U.S.C. § 1927 cannot be imposed on Appellant.  See *Siddle v. Crants*, No. 3:09-cv-00175, 2013 U.S. Dist. LEXIS 43791, at *114 (M.D. Tenn. Mar. 26, 2013), citing *Webster*, *supra*, and *Conner v. Travis Cnty.*, 209 F.3d 794, 801 (5th Cir. 2000) (reversing district court award of sanctions under § 1927 and court's inherent

powers, because district court "sanctions on the basis of a frivolous appeal are improper").

Even if § 1927 were applicable here, to be sanctioned under that provision "[t]here must be some conduct on the part of the subject attorney that trial judges, applying collective wisdom of their experience on the bench, could agree falls short of the obligations owed by a member of the bar to the court." *Salkil v. Mount Sterling Twp. Police Dep't,* 458 F.3d 520, 532 (6th Cir. 2006) (quoting *Ridder v City of Springfield*, 109 F.3d 288, 298 (6th Cir. 1997)).  To be sanctionable, the subject conduct must "cause additional expense to the opposing party." *Red Carpet Studios Div. of Source Advantage, Ltd. v. Sater,* 465 F.3d 642, 646 (6th Cir. 2006).

Again, Appellant only filed an appearance and a notice of appeal on December 8, 2020.  (Notice of Appearance, 12/08/2020, RE 63, PageID # 3331; Notice of Appeal, 12/08/2021, RE 64, PageID # 3332).  Intervening in this timeline of events was an appeal to the Supreme Court of the United States (Supreme Court Letter Docketing Petition Docket No. 20-815, RE 68, 12/18/2020, PageID # 3337), and then a subsequent discussion regarding dismissal, which was ultimately done voluntarily within about 20 days of filing in the Supreme Court.  Just as Appellant did not advocate or sign onto all the prior pleadings filed by the plaintiffs, generally, and was not "responsible" in the Rule 11 sense for the sanctionable conduct, Appellant's only conduct was a pro forma preservation of plaintiffs' collective

18

appellate rights as to all potential underlying legal issues properly raised and preserved.  Appellant's performance of these obligations as appellate counsel are unremarkable and routine, notwithstanding the unique and indeed anomalous nature of the underlying litigation and the surrounding national circumstances most of which no one involved in this litigation had any control over whatsoever.

### E.    The District Court Committed Legal Error in Relying on Its Inherent Authority to Award Sanctions

The trial court also erred in considering its inherent authority for sanctions, rather than relying on Rule 11.  In *Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991), the Supreme Court cautioned against awarding sanctions under the court's inherent authority if the matter can otherwise be addressed under the Federal Rules of Civil Procedure.

> When there is bad-faith conduct in the course of litigation that could be adequately sanctioned under the Rules, the court ordinarily should rely on the Rules rather than the inherent power. But if in the informed discretion of the court, neither the statute nor the Rules are up to the task, the court may safely rely on its inherent power.  *Id.* at 50.

Here, again, Appellant would submit that first and foremost since the trial court has *no authority* under the court rules or statute to award sanctions for the filing of an appeal and for conduct in an appeal, see *Webster*, *supra*; *Conner*, *supra*, then, *a fortiori,* the it would have no *inherent* authority to do so.

Moreover, in *United States v Aleo*, 681 F.3d 290 (6th Cir. 2012), in discussing whether a lawyer could be sanctioned in a criminal proceeding under a court's

inherent authority, this Court noted that there are already means to sanction a lawyer's conduct in civil cases under Rule 11, and that those provisions are sufficient in those circumstances to address the multiple instances of questionable attorney conduct and to provide a means of "regulating" same by giving the trial court a wide leeway in meting out what is deemed sufficient punishment to deter repetition. *Id*.

Many courts have followed the same rationale where the alleged misconduct is covered by Rule 11. See, e.g., *Animal Welfare Inst. v. Feld Entm't, Inc.*, 944 F. Supp. 2d 1, 18 (D.D.C. 2013) ("The Supreme Court's analysis in *Chambers*, 'leads to the conclusion that if statutory or rules-based sanctions powers are entirely adequate, they should be invoked, rather than the inherent power.'"); *United States v. Rogers Cartage Co.*, 794 F.3d 854, 863 (7th Cir. 2015) ("when the court chooses to exercise its inherent power, it should explain 'why Rule 11 was inadequate'"); *Fidelity Nat'l Title Ins. Co. v. Intercounty Nat'l Title Ins. Co.*, 412 F.3d 745, 752 (7th Cir. 2005) ("when a domain of judicial action is covered by an express rule…the judge will rarely have need or justification for invoking his inherent power"); *Sentis Group, Inc. v. Shell Oil Co.*, 559 F.3d 888, 900 (8th Cir. 2009); *United States v. One 1987 BMW 325*, 985 F.2d 655, 661 (1st Cir. 1993) ("When, as in this case, the Civil Rules limit the nature of the sanction that can be imposed, a court may not use its inherent powers to circumvent the Rules' specific provisions.").

Thus, even if this Court finds that the District Court has authority at all to sanction Appellant for her appellate work, the District Court's blanket imposition of sanctions under its inherent authority cannot be reconciled with the available remedies under Rule 11 to addresses sanctions for pleadings. Rule 11 provides for a comprehensive framework, with detailed procedural steps and substantive requirements, for imposing sanctions. That authority alone should control the extent to which sanctions should be imposed for pleadings for all the reasons given by Judge Sutton in *Aleo* and in the case law cited above. Here, the District Court actually violated this rule of exclusivity because it concluded that it was sanctioning the attorneys under "28 U.S.C. § 1927 *and* the Court's own inherent authority." (Opinion and Order, 12/02/2021, RE 179, PageID # 7142).

Even if the trial court's reliance on inherent authority is considered appropriate, and even if it could invoke that authority to sanction Appellant for her filing of an appeal, there must have been some act of bad faith or misconduct and there was not for the simple filing of an appearance to file a notice of appeal. To warrant sanctions on this basis, the attorney must be found to have "willfully abuse[d] judicial processes or who otherwise act in bad faith." *Red Carpet Studios*, 465 F.3d at 646. See also, *Tucker v. Williams*, 682 F.3d 654, 662 (7th Cir. 2012) ("Without a finding that [defendant] acted in bad faith or engaged in misconduct, the district court sanctioned him, seemingly, in the interest of 'fairness.' This is precisely

21

the sort of sanction that is outside the court's inherent power."). *Fuery v. City of Chicago*, 900 F.3d 450 (7th Cir. 2018) ("part of a court's consideration should be on the impact or effect that the conduct had on the course of the litigation"). The standard for sanctions under this authority is high: the "mere fact that an action is without merit does not amount to bad faith" and a "court must find *something more* than that a party knowingly pursued a meritless claim or action at any stage of the proceedings." *BDT Prods., Inc. v. Lexmark Intern, Inc.*, 602 F.3d 742, 753-754 (6th Cir. 2010) (emphasis in original).There was nothing in the factual record showing that Appellant did anything to advance either pleading or the claims set forth in them. Beyond her filing a post judgment appearance and notice of appeal, she had no control or management over the litigation.  It was therefore an abuse of discretion by the trial court to sanction Appellant based on its inherent authority for her extremely limited and unique role in the underlying case.

## F.    The District Court Erred by Not Analyzing Each Attorneys' Individual Conduct

Imposition of sanctions under the rules relied on by the District Court would require an individual analysis of each attorney's conduct and violation.  Rule 11 provides that the award of attorney fees is limited to "the reasonable attorney's fees and other expenses directly resulting from the violation."  For § 1927, an attorney's liability is intended to be limited to "the excess costs attributed to his misconduct." *In re Ruben*, 825 F.2d 977, 983 (6th Cir. 1987).  Likewise, sanctions under the trial

court's inherent authority "are limited to the fees the innocent party incurred solely because of the misconduct…." *Goodyear Tire & Rubber Co. v. Haeger*, 137 S. Ct. 1178, 1184 (2017) (emphasis added).

In *Ruben*, *supra*, the district court sanctioned a number of attorneys under Rule 11, the court's inherent authority, and § 1927. The Sixth Circuit reversed because the trial court erred in not focusing specifically on what each attorney did and the particular impact of their individual actions, remanding so that task could be done with "more exacting scrutiny." *Id.* at 990. "Careful analysis and discrete findings are required, no matter how exasperating the case." *Id.* at 991. The trial court erred in that case because it "did not analyze the impact upon defendants of discrete acts of claimed misconduct" and "the extent to which [attorney] Ruben's misfeasance, if any, caused defendants to incur additional expenses should be explored." *Id.* at 990.

Here, the District Court repeatedly grouped the attorneys together, held all liable for each other's conduct, and never analyzed their individual conduct and what additional expense that conduct caused, if anything.  The treatment of the attorneys and their conduct began at the start of the July 12, 2021, hearing when the trial court announced that any attorney who did not object to an answer by another attorney was deemed to agree with that answer.  (Hearing Transcript, 07/16/2021, RE157, PageID # 5324, ll. 19-25).  There was no advance notice of this rule. There was no

authority for the ground rule of "if you don't disagree, you are deemed to agree." And this was especially unworkable (and prejudicial) for nine individuals (and their attorneys) with plainly different levels of involvement and knowledge appearing remotely to be subjected to a "guilt by association" proceeding where a failure to object to each and every other attorneys' statements or objections is deemed a full and complete acceptance. The grouping and treatment of all attorneys as one continued when the trial court simply assumed that all attorneys were the focus of all the motions.

This approach of treating all nine attorneys as one group continued when the trial court connected statements made by the Plaintiffs' lawyers at the July 12, 2021 hearing to what happened at the U.S. Capitol on January 6, 2021. "Plaintiffs' lawyers brazenly assert that they 'would file the same complaints again.' They make this assertion even after witnessing the events of January 6 and the dangers posed by narratives like the one counsel crafted here. An attorney who willingly continues to assert claims doomed to fail, and which have incited violence before, must be deemed to be acting with an improper motive." (Opinion and Order, 08/25/2021, RE 172, PageID # 6989-6990).

Appellant never made such a statement. Yet, the trial court attributed it to her as part of the group of "Plaintiffs' lawyers" and then linked that statement to incitement of violence and the events of January 6. At the same hearing, the trial

court took considerable issue with how "Plaintiffs' counsel pointed" to *United States v. Throckmorton,* 98 U.S. 61 (1878) at the July 12 hearing. (Opinion and Order, 08/25/2021, RE 172, PageID # 6944-6946).  The trial court believed that the case was inapplicable, but was particularly troubled by it because it was being cited by others "on social media by those who question the results of the 2020 presidential election" and, to support that conclusion, quoted verbatim the City of Detroit's brief that described the online citing of this case as the "rantings of conspiracy theorists" and fodder for "social media echo chambers" (*Id.*, PageID# 6945-6946).  In a lengthy footnote, the trial court then quoted Twitter posts quoted in the City of Detroit's brief mentioning *Throckmorton* by the likes of @weather_talk, @marsha250, @frfldres12, and @realindietexan.  *Id*.

All of this was a gross abuse of discretion because Appellant merely filed an appearance and a notice of appeal *after* the underlying litigation had been dismissed; (1) she never mentioned *Throckmorton to or in* the trial court, (2) another attorney's citation of it should have no bearing on her, and (3) whatever anyone else said about it outside of the litigation should not have been considered by the trial court or influenced its decision to sanction Appellant or any of the other lawyers.

The trial court also accused "Plaintiffs' counsel" of attacking the court's objectivity and linking that to another attack on democracy:  "Plaintiffs and their counsel have suggested that this Court's handling of these proceedings and any

resultant decision be expected based on the President who appointed the undersigned. This is part of a continuing narrative fostered by Plaintiffs' counsel to undermine the institutions that uphold our democracy. (Opinion and Order, 08/25/2021, RE 172, PageID# 6893). The trial court does not say when, where, or how that suggestion was made. It certainly was not made by Appellant in this action. Yet, like all the other attorneys lumped together by the District Court, Appellant is charged and impugned with something that she never said, but which was nonetheless attributed to her.

The District Court's erroneous grouping of all counsel together is best demonstrated in how it sanctioned all nine attorneys "jointly and severally". The trial court made no effort to differentiate among the nine attorneys in the final sanctions award, which was identical in every respect as to each of one despite a factual record showing far different roles and involvement in this case. Appellant was entitled to an individual assessment of her role and whether sanctions were appropriate as to her. The trial court failed to undertake such an analysis, which constituted an abuse of discretion.

## CONCLUSION AND RELIEF REQUESTED

As advanced in this brief, Appellant contends that her role as an appellate attorney, and her compulsory role in having to defend herself in the post-judgment sanctions proceedings, do not subject her to the sanctioning authority of the trial

court, under Rule 11, 28 U.S.C. § 1927, and/or the trial court's inherent authority, for the principal reason that allowing the trial court to sanction her would be contrary to this Court's and the United States Supreme Court's admonition to the federal district courts not to sanction appellate counsel for the filing of appeals.

Appellant also contends that even if the district court did have authority under any of these provisions, it nonetheless erred by failing to provide detailed analysis of each attorneys' sanctionable conduct.

To the extent they are not advanced herein, Appellant adopts the arguments of the other attorneys defending the imposition of sanctions by the district court.

Respectfully submitted by,

/s/ Stefanie Lambert Junttila

Date:  May 5, 2022

<u>CERTIFICATE OF COMPLIANCE</u>

Appellant hereby submits that this Corrected Brief on Appeal complies with the format and length requirements in Fed. R. App. P. 32(a)(7)(B)(i) and 6 Cir. R. 32, in that it is presented in an appropriate type-face (Times New Roman) and size (14-point) and contains 6,739 words not including those parts excluded by Fed. R. App. P. 32(f).

Respectfully submitted by,

/s/ Stefanie Lambert Junttila

Date:  May 5, 2022

<u>CERTIFICATE OF SERVICE</u>

STEFANIE LAMBERT JUNTTILA, *in propria persona*, being first duly sworn, deposes and states that on the 5th day of May, 2022, she caused a copy of the within Corrected Principal Brief on Appeal to be served upon all parties of record by electronically filing and serving same upon counsel of record for the parties, each of whom is registered with the United States Court of Appeals for the Sixth Circuit.

Respectfully submitted by,

/s/ Stefanie Lambert Junttila

## DESIGNATION OF RELEVENT DISTRICT COURT RECORDS

United States District Court, Eastern District of Michigan
(Case No. 20-cv-13134)

| Record Entry | Date | Description | Page ID # |
|---|---|---|---|
| 1 | 11/25/2020 | Complaint | 1-75 |
| 63 | 12/08/2020 | Notice of Appearance | 3331 |
| 64 | 12/08/2020 | Notice of Appeal | 3332 |
| 68 | 12/18/2020 | Supreme Court Letter Docketing Petition | 3337 |
| 69 | 12/22/2020 | Davis Motion for Sanctions | 3338-3349 |
| 73 | 12/22/2020 | Detroit Motion to Dismiss and for Sanctions | 3544-3580 |
| 78 | 01/05/2021 | Detroit Motion for Sanctions, et al. | 3616-3671 |
| 105 | 01/28/2021 | State's Motion for Sanctions | 4334-4378 |
| 149 | 07/09/2021 | Opinion and Order | 5266-5268 |
| 157 | 07/12/2021 | Hearing Transcript | 5303-5535 |
| 172 | 08/25/2021 | Opinion and Order | 6890-6999 |
| 173 | 09/08/2021 | State Defendants Notice of Statement of Fees | 7000-7003 |
| 174 | 09/08/2021 | Detroit Notice of Statement of Fees | 7018-7020 |
| 174-1 | 09/08/2021 | Exhibit A to Detroit's Notice for Attorneys Fees | 7021-7097 |

| 179 | 12/02/2021 | Opinion and Order | 7142-7168 |
| 180 | 12/02/2021 | Judgment | 7169-7170 |
| 204 | 02/28/2022 | Affidavit of Stefanie Lambert Junttilla | 7450-7451 |