Case No. 22-1010

# UNITED STATES COURT OF APPEALS

# FOR THE SIXTH CIRCUIT

_____

TIMOTHY KING, et al.

        Plaintiffs

        and,

STEFANIE LYNN JUNTTILA,

        Interested Party-Appellant,

        v.

GRETCHEN WHITMER, JOCELYN BENSON, CITY OF DETROIT

        Defendants-Appellees.

On Appeal from the United States District Court for the Eastern District of Michigan, No. 2:20-cv-13134

**DEFENDANT-APPELLEE CITY OF DETROIT'S BRIEF ON APPEAL**

David H. Fink (MI – P28235)
Nathan J. Fink (MI – 75185)
Attorneys for the City of Detroit
**FINK BRESSACK**
38500 Woodward Avenue,
Suite 350
Bloomfield Hills, MI 48304
Telephone: (248) 971-2500
dfink@finkbressack.com
nfink@finkbressack.com

## <u>CORPORATE DISCLOSURE STATEMENT</u>

Defendant-Appellee City of Detroit is a municipal corporation and is not a subsidiary or an affiliate of a publicly owned corporation.

# TABLE OF CONTENTS

**CORPORATE DISCLOSURE STATEMENT** ...................................................... i

**TABLE OF CONTENTS** ................................................................................ ii

**TABLE OF AUTHORITIES** .......................................................................... iii

**STATEMENT REGARDING ORAL ARGUMENT** ........................................ iv

**COUNTERSTATEMENT OF JURISDICTION** ................................................1

**COUNTERSTATEMENT OF ISSUES** ............................................................2

**STATEMENT OF THE CASE** .........................................................................4

    **I.**    **Common Issues** ...................................................................................4

    **II.**    **Issues Particular to Ms. Junttila** ....................................................10

**SUMMARY OF THE ARGUMENT** ................................................................11

**ARGUMENT** .................................................................................................12

    **I.**    **Standard Of Review** ........................................................................12

    **II.**    **The District Court Did Not Abuse Its Discretion In Sanctioning Ms. Junttila** ...................................................................................12

        **A.**    **The District Court Properly Determined that Ms. Junttila was Involved in the District Court Proceedings** ..................12

        **B.**    **The District Court Properly Sanctioned Ms. Junttila under Rule 11** ..................................................................................14

            **1.**    **Ms. Junttila Presented Sanctionable Filings** ..............14

            **2.**    **Ms. Junttila Shares Responsibility for the Violation** 17

        **C.**    **Ms. Junttila Violated 28 U.S.C. § 1927** .................................18

        **D.**    **The District Court had Inherent Authority to Sanction Ms. Junttila** ..................................................................................20

        **E.**    **The District Court was not Required to Determine the Relative Culpability of Each Sanctioned Attorney** .............23

        **F.**    **The Sanctions Assessed were Appropriate** ..........................26

**CONCLUSION** ..............................................................................................27

**ADDENDUM** ................................................................................................30

# TABLE OF AUTHORITIES

**Cases**

*Animal Welfare Inst. v. Feld Entm't, Inc*., 944 F. Supp. 2d 1 (D.D.C. 2013) .........22

*Chambers v. NASCO, Inc*., 501 U.S. 32 (1991)................................................. 20, 22

*Cooter & Gell v. Hartmax Corp*., 496 U.S. 384 (1990) .........................................12

*Costantino v. Detroit et al.*, Wayne Cnty. Cir. Ct. Case No. 20-014780-AW ..........5

*Donald J. Trump for President Inc. v. Benson*,
     Mich. Ct. Claims Case No. 20-000225-MZ .........................................................5

*Goodyear Tire & Rubber Co. v. Haeger*, 137 S. Ct. 1178 (2017).................... 24, 25

*Hensley v. Eckerhart*, 461 U.S. 424 (1983) ...................................................... 12, 26

*In re Ruben*, 825 F.2d 977 (6th Cir. 1987) ....................................................... 23, 24

*Jones v. Ill. Cent. R. Co*., 617 F.3d 843 (6th Cir. 2010) .........................................12

*Ne. Ohio Coal. for the Homeless v. Husted*, 831 F.3d 686 (6th Cir. 2016).............12

*NPF Franchising, LLC v. SY Dawgs*,
     No. 21-3516, 2022 WL 2137145 (6th Cir. 2022)................................. 23, 25, 26

*Stoddard v. City Elec. Comm'n of the City of Detroit*,
     Wayne Ctny. Cir. Ct. Case No. 20-014604-CZ....................................................5

*United States v. Aleo*, 681 F.3d 290 (6th Cir. 2012)......................................... 20, 21

**Rules**

Fed. R. Civ. P. 11……………………………………………………….....*passim*

Fed. R. Civ. P. 11 Advisory Committee Notes (1993 Amendment) ............... 15, 17

**Statutes**

28 U.S.C. § 1927……………………………………………….……*passim*

## <u>STATEMENT REGARDING ORAL ARGUMENT</u>

This appeal presents the straightforward issue of whether the District Court abused its discretion in sanctioning Stefanie Lynn Junttila for conduct it found to be "a historic and profound abuse of the judicial process." (Opinion, RE 172, Page ID # 6890). Defendant-Appellee City of Detroit believes this appeal can be decided on the briefs and does not request oral argument. However, if this Court grants Ms. Junttila the opportunity to present oral argument, Defendant-Appellee City of Detroit respectfully requests the opportunity to present oral argument in response.

## COUNTERSTATEMENT OF JURISDICTION

Defendant-Appellee City of Detroit concurs in Ms. Junttila's Statement of Jurisdiction and does not dispute this Court's jurisdiction over this appeal.

## <u>COUNTERSTATEMENT OF ISSUES</u>

1. Did the District Court err by imposing sanctions against Ms. Junttila where it determined that she later advocated a sanctionable filing and that she was responsible in part for the filing of pleadings in violation of Federal Rule of Civil Procedure 11?

   City of Detroit's Answer: No.

2. Did the District Court err in imposing sanctions against Ms. Junttila where it determined that she was responsible in part for unreasonably and vexatiously multiplying proceedings in violation of 28 U.S.C. § 1927?

   City of Detroit's Answer: No.

3. Did the District Court abuse its discretion in sanctioning Ms. Junttila under its inherent authority?

   City of Detroit's Answer: No.

4. Did the District Court abuse its discretion in failing to determine the precise level of Ms. Junttila's culpability, relative to her co-counsel?

   City of Detroit's Answer: No.

5. Did the District Court abuse its discretion by finding Ms. Junttila jointly and severally liable for the Defendants' reasonable legal expenses, requiring her to attend 12 hours of continuing legal education classes and referring her to the Michigan Attorney Grievance Commission?

2

City of Detroit's Answer: No.

## STATEMENT OF THE CASE [1]

### I.    Common Issues

This appeal arises out of the frivolous pleadings filed by Stefanie Lynn Junttila ("Ms. Junttila") and her co-counsel (collectively "Plaintiffs' counsel") purportedly seeking to overturn the result of the 2020 presidential election. Plaintiffs' counsel claimed that the 2020 election result was the product of fraud. But the lawsuit they filed was not a serious attempt to remedy any perceived fraud; it was designed to further a false narrative that this country's democratic institutions cannot be trusted. While the District Court denied any judicial relief, the lawsuit achieved its real objective—it undermined faith in the integrity of the election and encouraged misinformed citizens to interfere with the peaceful transition of power.

Plaintiffs' counsel did not rush to the courthouse following the fraud they claim occurred on November 3, 2020. They waited more than three weeks before filing their initial Complaint. (Complaint, RE 1, Page ID # 1-75). While Plaintiffs' counsel bided their time, other lawsuits challenging the outcome of the 2020 election

---

[1] Defendant-Appellee City of Detroit is responding to four separate appeals that involve overlapping issues. Accordingly, this Statement of the Case section is substantially similar to that filed or to be filed by the City in the three other matters (Case No. 21-1785, Case No. 21-1786 and Case No. 21-1787). All four appeals share a common procedural history. Factors particular to each Appellant will be addressed in Section II of the Statement of the Case.

were filed and the specious claims in those cases were rejected.[2] But Plaintiffs' counsel did not use that time to vet their claims.

When Plaintiffs' counsel did file their lawsuit, they had not uncovered new evidence of fraud. Instead, their claims relied on multiple affidavits which had been previously filed, and previously discredited, in the *Costantino* case. (Opinion, RE 172, Page ID # 6951-53). Plaintiffs' counsel then undertook no effort to serve any of the Defendants, and the District Court was required to enter a text-only order on December 1, 2020 directing Plaintiffs' counsel to effect service. (*Id*. at Page ID # 6897). As the District Court noted, Plaintiffs' counsel's failure to timely file or prosecute this action was indicative of their "bad faith and improper purpose in bringing this suit." (*Id.* at Page ID # 6985).

Plaintiffs' Complaint named as Defendants Governor Gretchen Whitmer and Secretary of State Jocelyn Benson (the "State Defendants"), along with the Michigan Board of State Canvassers. As the Complaint primarily focused on perceived irregularities in the counting of ballots at the TCF Center in Detroit, an operation directed by the Detroit City Clerk, the City of Detroit (the "City") filed a motion to

---

[2] The previously-filed lawsuits included: *Donald J. Trump for President Inc. v. Benson*, Mich. Ct. Claims Case No. 20-000225-MZ, motion for preliminary injunction denied November 6, 2020; *Stoddard v. City Elec. Comm'n of the City of Detroit*, Wayne Ctny. Cir. Ct. Case No. 20-014604-CZ, motion for preliminary injunction denied Nov. 6, 2020; and *Costantino v. Detroit et al.*, Wayne Cnty. Cir. Ct. Case No. 20-014780-AW, motion for preliminary injunction denied Nov. 13, 2020. (City's Response to Injunction Motion, RE 39, Page ID # 2816).

intervene on November 27, 2020, to ensure that its citizens were not disenfranchised. (City's Motion to Intervene, RE 5, Page ID # 840-857). The District Court granted the City's Motion to Intervene on December 2, 2020. (Order Granting Motions to Intervene, RE 28, Page ID # 2142-2147). Plaintiffs' counsel filed an Amended Complaint and an Emergency Motion for Declaratory, Emergency, and Permanent Injunctive Relief on November 29, 2020. (Amended Complaint, RE 6, Page ID # 872-957; Injunction Motion, RE 7, Page ID #1832-1849). In their Motion seeking injunctive relief, Plaintiffs' counsel stated that their requested relief "must be granted in advance of December 8, 2020, which is the 'safe harbor' date for states to submit their slates of electors under 3 U.S.C. § 5." (Injunction Motion, RE 7, Page ID # 1846). The City filed its response in opposition to Plaintiff's Motion for injunctive relief on December 2, 2020. (City's Response to Injunction Motion, RE 39, Page ID # 2808-2852).

On December 7, 2020, the District Court entered an order denying Plaintiffs' Emergency Motion for Declaratory, Emergency, and Permanent Injunctive Relief. (Opinion Denying Injunction Motion, RE 62, Page ID # 3295-3330). The District Court determined that the Plaintiffs were not entitled to injunctive relief because their claims were barred by Eleventh Amendment immunity, mootness, laches, the abstention doctrine and lack of standing. (*Id.* at Page ID # 3302-24). The District Court found that "this lawsuit seems to be less about achieving the relief Plaintiffs

6

seek—as much of that relief is beyond the power of this Court—and more about the impact of their allegations on People's faith in the democratic process and their trust in our government." (*Id.* at Page ID # 3329-3330).

The following day, December 8, 2020, Plaintiffs' counsel inexplicably filed a Notice of Appeal to the Federal Circuit Court of Appeals.[3] On the same day, Plaintiffs filed a Notice of Appeal through the ECF system to the Sixth Circuit Court of Appeals but failed to move to expedite their appeal. (Notice of Appeal, RE 64, Page ID # 3332). Plaintiffs' counsel then filed a petition for certiorari in the Supreme Court on December 11, 2020. *See* U.S. Supreme Court No. 20-815.[4] In their petition, Plaintiffs' counsel stated that "[o]nce the electoral votes are cast [on December 14, 2020] subsequent relief would be pointless." (Opinion, RE 172, Page ID # 6899). However, Plaintiffs' counsel did not dismiss their appeal after that date passed. Instead, they moved to expedite their petition for certiorari on December 18, 2020.

In the District Court, the City served its Rule 11 notice letter and motion on Ms. Junttila and her co-counsel on December 15, 2020. (Rule 11 Notice, RE 161-3, Page ID # 6058-67). On December 22, 2020, the City, the State Defendants, and the

---

[3] The Notice of Appeal filed in the Eastern District of Michigan failed to "name the court to which the appeal [was] taken," as required by Fed. R. App. P. 3(c)(1)(C). Plaintiffs' counsel then (through the ECF system) improperly designated the appeal as an appeal to the Federal Circuit Court of Appeals.

[4] Docket sheet and filings available at https://www.supremecourt.gov/search.aspx?filename=/docket/docketfiles/html/public/20-815.html.

7

DNC and MDP filed motions to dismiss. (State Defendants' Motion to Dismiss, RE 70, Page ID # 3350-3428; DNC and MDP Motion to Dismiss, RE 72, Page ID # 3433-3465; City's Motion to Dismiss, RE 73, Page ID # 3544-3580). On the same date, intervenor Robert Davis ("Davis") filed a motion seeking sanctions against Plaintiffs' counsel under 28 U.S.C. § 1927 and the Court's inherent authority. (Davis Motion for Sanctions, RE 69, Page ID # 3338-3349). On January 3, 2021, two days before Plaintiffs' response to Davis's sanctions Motion was due, Plaintiffs' counsel filed a motion requesting an extension of time to respond to Davis's sanctions Motion until January 19, 2021, which was granted. (Plaintiffs' Motion to Extend Time as to Davis, RE 74, Page ID # 3597-3599; Order Granting Motion to Extend Time, RE 76, Page ID # 3610-3611). On January 5, 2021, immediately after the expiration of the safe harbor period, the City filed its Motion for Rule 11 Sanctions against Plaintiffs' counsel. (City's Rule 11 Motion, RE 78, Page ID # 3616-3671).

On January 6, 2021, Congress convened in a joint session to count the electoral votes. Despite the infamous events of that day, Congress counted Michigan's electoral votes and certified Joseph Biden as the winner of the 2020 election on the morning of January 7, 2021. In the District Court, Plaintiffs filed a motion to extend time to answer the three motions to dismiss on January 12, 2021. (Plaintiffs' Motion to Extend Time as to Motions to Dismiss, RE 82, 3857-3864).

8

The Court granted this motion in a text-only order, extending the time for Plaintiffs to answer the motions to dismiss until January 14, 2021.

On January 14, 2021, the last day on which Plaintiffs could have responded to the motions to dismiss, Plaintiffs' counsel filed notices of voluntary dismissal under Rule 41 as to all Defendants except Davis.[5] (Notices of Dismissal, RE 86-91, Page ID # 4030-4047). On January 28, 2021, the State Defendants moved for sanctions against certain Plaintiffs' counsel under 28 U.S.C. § 1927. (State Defendants' Sanction Motion, RE 105, Page ID # 4334-4378).

After the sanctions motions were fully briefed, the District Court held a hearing on July 12, 2021, during which Ms. Junttila and her co-counsel had the opportunity to respond to the District Court's questions. (Notice of Hearing, RE 147, Page ID #5262-5263). Following the hearing, the District Court permitted the parties to file supplemental briefing. (Order for Supplemental Briefing, RE 150, Page ID # 5269). The District Court issued an Opinion and Order granting the motions for sanctions filed by the City and the State Defendants and granting in part and denying in part the sanctions motion filed by Davis. (Opinion, RE 172, Page ID # 6890-6999). The District Court determined that Ms. Junttila and her co-counsel were

---

[5] Davis had filed an answer to Plaintiffs' Amended Complaint. (Davis Answer, RE 38, Page ID # 2751-2807). Plaintiffs subsequently moved for voluntary dismissal as to Davis. (Motion for Voluntary Dismissal, RE 92, Page ID # 4048-4053). The District Court granted Plaintiffs' motion for voluntary dismissal as to Davis on July 9, 2021. (Pre-Hearing Order, RE 149, Page ID # 5265-5268).

9

responsible for "a historic and profound abuse of the judicial process" and ordered that Plaintiffs' counsel jointly and severally pay the fees and costs incurred by the City and the State Defendants and that each attorney attend 12 hours of non-partisan continuing legal education on pleading standards and election law. (*Id.* at Page ID # 6890, 6998-6899). The District Court also ordered the clerk of the court to transmit a copy of the order to the Michigan Attorney Grievance Commission and the appropriate disciplinary authority for each jurisdiction in which Plaintiffs' counsel are admitted, thereby "referring the matter for investigation and possible suspension or disbarment." (*Id.* at Page ID # 6998-6899).

On December 2, 2021, after the completion of briefing on the issue of reasonable costs and fees, the District Court entered an order awarding the City fees in the amount of $153,285.62 and the State Defendants fees in the amount of $21,964.75. (Order Regarding Monetary Sanctions, RE 179, Page ID # 7142-7168). The District Court entered judgment on the same day. (Judgment, RE 180, Page ID # 7169-7170).

## II.    Issues Particular to Ms. Junttila

Ms. Junttila filed her notice of appeal on January 3, 2022. (Junttila Notice of Appeal, RE 185, Page ID # 7179-7180). On January 21, 2022, this Court issued an order dismissing her appeal for failure to timely file case opening forms. (Case No. 22-1010, Dkt. 8-1). On January 24, 2022, Ms. Junttila filed a "Motion to Seal Motion

10

to Reinstate Appeal and Contents." (Case No. 22-1010, Dkt. 9-1). On the same day, this Court entered a deficiency of filing notice regarding Ms. Junttila's appearance form. (Case No. 22-1010, Dkt. 14). On January 25, 2022, Ms. Junttila filed a second "Motion to Seal Motion to Reinstate Appeal and Contents." (Case No. 22-1010, Dkt. 15). On February 4, 2022, this Court entered an order granting Ms. Junttila's Motion to reinstate her appeal. (Case No. 22-1010, Dkt. 18-1).

## <u>SUMMARY OF THE ARGUMENT</u>

Ms. Junttila signed and submitted to the District Court documents that contained unequivocally false statements regarding which documents Sidney Powell signed. Ms. Junttila now seeks to mislead this Court, claiming that she acted only as an "appellate attorney" and did not participate in the litigation before the District Court beyond filing an appearance and a notice of appeal. Corrected Brief of Interested Party-Appellant Stefanie Lynn Junttila ("Junttila Brief"), RE 28, Page ID # 11, 13 (Case No. 22-1010)). This claim is clearly false.[6] Ms. Junttila took a leading role in advancing this baseless and dangerous litigation, and the District Court correctly determined that severe sanctions were warranted against her to deter the filing of similar suits in the future.

---

[6] The City anticipates filing a separate motion asking this Court to sanction Ms. Junttila under Fed. R. App. P. 38 and/or 28 U.S.C. § 1927.

## ARGUMENT

### I.    Standard Of Review

This Court reviews the imposition of sanctions with an abuse of discretion standard. *Cooter & Gell v. Hartmax Corp*., 496 U.S. 384, 405 (1990); *Jones v. Ill. Cent. R. Co*., 617 F.3d 843, 850 (6th Cir. 2010). A district court abuses its discretion if it "base[s] its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence." *Cooter & Gell*, 496 U.S. at 405. When reviewing an award of costs and fees, "[s]ubstantial deference is 'appropriate in view of the district court's superior understanding of the litigation and the desirability of avoiding frequent appellate review of what essentially are factual matters.'" *Ne. Ohio Coal. for the Homeless v. Husted*, 831 F.3d 686, 702 (6th Cir. 2016) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983)).

### II.    The District Court Did Not Abuse Its Discretion In Sanctioning Ms. Junttila

#### A.    The District Court Properly Determined that Ms. Junttila was Involved in the District Court Proceedings

On appeal Ms. Junttila claims that her involvement in the District Court was limited to "[h]aving [her] name on a non-substantive pleading, here, merely an

appearance and notice of appeal." Junttila Brief, RE 28, Page ID # 18 (Case No. 22-1010)). This statement is flatly untrue.[7]

Ms. Junttila was deeply involved in the litigation before the District Court. She filed her appearance on behalf of all Plaintiffs on December 8, 2020. (Junttila Appearance, RE 63, Page ID # 3331). She filed a notice of appeal regarding the District Court's order denying Plaintiffs' Emergency Motion for Declaratory, Emergency, and Permanent Injunctive Relief on the same day. (Injunction Notice of Appeal, RE 64, Page ID # 3332). On January 14, 2021, under her signature, Plaintiffs filed their Brief in Opposition to the Defendants' Motions to Dismiss. (Plaintiffs' Opposition to Motions to Dismiss, RE 85, Page ID # 3883-3912). In their Opposition to the Motions to Dismiss, Ms. Junttila and her co-counsel stated that they intended to dismiss the case, but argued that the sanctions requested by the Defendants were not warranted, because "Plaintiffs' complaint is completely grounded in fact and law." (*Id.* at Page ID # 3885). Ms. Junttila also signed the Notices of Voluntary Dismissal filed the same day. (RE 86-91, Page ID # 4030-4045). On January 19,

---

[7] Ms. Junttila has been inconsistent in her claims regarding her involvement in the litigation before the District Court. In her 'Statement on Oral Argument' she claims that "she only filed an appearance and notice of appeal *after* the final judgment was rendered." Junttila Brief, RE 28, Page ID # 8 (Case No. 22-1010) (emphasis in original). Ms. Junttila did not attempt to argue before the District Court that she could not be sanctioned because she was only involved in the case as an appellate attorney. (*See* Supplemental Brief of Stefanie Lynn Junttila regarding Sanctions, RE 165, Page ID # 6562-6582).

2021, Ms. Junttila signed Plaintiffs' Opposition to Davis's Motion for Sanctions. (Plaintiffs' Response to Davis Motion for Sanctions, RE 93, Page ID #4058-4079; 4079). She also signed Plaintiffs' Brief in Opposition to the City's Rule 11 Motion, arguing that their "Legal Claims Had Evidentiary Support and Were Not Frivolous," and that "Plaintiffs Had Reasonable Basis for [their] Legal Claims." (Plaintiffs' Opposition to City's Rule 11 Motion, RE 95, Page ID # 4128-4129; 4157). Likewise, Ms. Junttila signed Plaintiffs' Supplemental Brief in Opposition to the City's Rule 11 Motion. (Plaintiffs' Supplemental Opposition to City's Rule 11 Motion, RE 111, Page ID # 4548-4596; 4595). Ms. Junttila also signed Plaintiffs' Response to the State Defendants' Supplemental Brief in Support of Sanctions. (Plaintiffs' Response to State Defendants' Supplemental Brief, RE 120, Page ID # 4995-5010; 5009).[8]

**B.     The District Court Properly Sanctioned Ms. Junttila under Rule 11**

**1.     Ms. Junttila Presented Sanctionable Filings**

After being served with the City's Rule 11 Letter on December 15, 2020, Ms. Junttila did not withdraw from the case or withdraw any of the frivolous claims she

---

[8] Aside from the above-referenced substantive filings, Ms. Junttila also signed the following non-substantive documents filed in the District Court: Plaintiffs' Motion to Extend Time to Respond to Motions to Dismiss (RE 82, Page ID # 3857-3863); Plaintiffs' Motion to File Extended Brief in Response to City's Rule 11 Motion (RE 96, Page ID # 4158-4160); Plaintiffs' Motion for Leave to File Supplemental Brief regarding Sanctions Motions (RE 109, Page ID # 4481-4487); Plaintiffs' Motion to File Extended Brief to State Defendants' Sanctions Motion (RE 113, Page ID # 4732-4734).

had endorsed with her appearance; instead, she took a leadership role and signed documents supporting the sanctionable pleadings. Ms. Junttila violated Rule 11(b) by signing Plaintiffs' Opposition to the Defendants' Motions to Dismiss (RE 85), in which she stated that the pleadings were "completely grounded in fact and law." (Plaintiffs' Opposition to Motions to Dismiss, RE 85, Page ID # 3885).  Rule 11(b) explicitly applies to attorneys who "later advocat[e]" a pleading to a court. Where an attorney later advocates a frivolous pleading, Rule 11 sanctions may be imposed under Rule 11(b).[9] Plaintiffs' counsel apparently understood that they had no chance of success on the merits. So, on January 14, 2021, the day their Response to the City's Motion to Dismiss was due, they filed notices of voluntary dismissal. But Plaintiffs' counsel have never withdrawn the false statements they submitted to the Court in their pleadings. Instead, they have continued to claim that they are true, as Ms. Junttila does in her Brief on Appeal.[10]

There is nothing subtle about Ms. Junttila's false statements to the District Court. She signed a brief claiming that Sidney Powell could not be sanctioned under

---

[9] "[A] litigant's obligations with respect to the contents of [filed] papers are not measured solely as of the time they are filed with or submitted to the court, but include reaffirming to the court and advocating positions contained in those pleadings and motions after learning that they cease to have any merit." Fed. R. Civ. P. 11 Advisory Committee Notes (1993 Amendment).

[10] For example, Ms. Junttila states in her brief that: "There remain significant, legitimate concerns with the manner and means by which state officials and private entities ran the November 2020 election..." Junttila Brief, RE 28, Page ID # 11 (Case No. 22-1010)

Rule 11 because "neither Mr. Wood nor Ms. Powell was a signer to the pleadings," and "[t]he only signator [*sic*] or appearance made in the short life of this case has been by Plaintiffs' local counsel." (Plaintiffs' Opposition to City's Rule 11 Motion, RE 95, Page ID # 4118, 4122, 4157). This was blatantly false. Ms. Powell had signed the following documents, all of which were filed in the CM/ECF system and available for Ms. Junttila's review:

- Complaint [RE 1, Page ID # 75];

- Amended Complaint [RE 6, Page ID # 957];

- Plaintiffs' Emergency Motion for Declaratory, Emergency, and Permanent Injunctive Relief [RE 7, Page ID # 1847];

- Plaintiffs' Emergency Motion to File Affidavits under Seal [RE 8, Page ID # 1854]; and

- Plaintiffs' Reply in Support of their Injunction Motion [RE 49, Page ID # 3098].

While Ms. Junttila may have been signing a brief prepared by others, the simplest due diligence would have shown her the truth. Incredibly, on February 8, 2021, two weeks after the City of Detroit filed its Reply Brief, detailing the many documents signed by Ms. Powell, Ms. Junttila signed and filed Plaintiffs' Supplemental Opposition to the City's Rule 11 Motion, repeating the same misrepresentations about what had been signed by Ms. Powell. (Plaintiffs' Supplemental Opposition to the City's Rule 11 Motion, RE 111, Page ID # 4556, 4561, 4595).

16

## 2.      Ms. Junttila Shares Responsibility for the Violation

The District Court properly sanctioned Ms. Junttila under Rule 11 for her responsibility for the filing of the offending documents. Rule 11(c)(1) authorizes courts to "impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." This is confirmed by the Advisory Committee Notes to the 1993 amendment of Rule 11, which state that a person who does not sign, file, or later advocates for a paper may be sanctioned if that person is determined to be responsible for the violation. Fed. R. Civ. P. 11 Advisory Committee Notes (1993 Amendment) ("sanction[s] should be imposed on the persons—whether attorneys, law firms, or parties—who have violated the rule or who may be determined to be responsible for the violation."). Nothing in the text of Rule 11 or the Advisory Committee Notes limits such sanctions to the party *solely* responsible for a violation, or the party *most* responsible for a violation. Instead, the Advisory Committee Notes authorize a court to "consider whether other attorneys in the firm, co-counsel, other law firms, or the party itself should be held accountable for *their part* in causing the violation." *Id*. (emphasis added). The District Court correctly determined that Ms. Junttila was responsible in part for the violation because she later advocated for the offending pleadings in a motion filed with the court. (Opinion, RE 172, Page ID # 6915 n. 13).

17

### C.    Ms. Junttila Violated 28 U.S.C. § 1927

Echoing her argument regarding Rule 11, Ms. Junttila argues that she cannot be sanctioned under 28 U.S.C. § 1927 because § 1927 sanctions cannot be imposed on "an appellate attorney for filing an appeal." Junttila Brief, RE 28, Page ID # 27 (Case No. 22-1010). This misconstrues the basis for the District Court's holding.

The District Court found that § 1927 sanctions were warranted because, among other reasons:

> Plaintiffs conceded that their claims were moot after December 14. Yet in the month that followed, Plaintiffs refused to voluntarily dismiss their claims, forcing Defendants to file their motions to dismiss and the Court to decide Plaintiffs' motion for additional time to respond to the motions to dismiss, which Plaintiffs ultimately did not do. (Opinion, RE 172, Page ID # 6939).

The District Court determined that this unwarranted delay "caused both the State Defendants and Intervenor-Defendants and the Court to waste resources in the meantime." (*Id.* at Page ID # 6940) (brackets and quotation marks omitted).

Plaintiffs' counsel, in a brief signed by Ms. Junttila, *admitted* "the case at bar was…effectively over on December 7, 2020," but they did not dismiss the case. (Plaintiffs' Opposition to State Defendants' Motion for Sanctions, RE 112, Page ID # 4610). They *admitted* that the case would become moot after December 14, 2020, but they did not dismiss the case. And, Ms. Junttila was *directly responsible* for unnecessarily prolonging the litigation. On December 22, 2020, eight days after Plaintiffs' counsel admitted the case had become moot, counsel for the State

18

Defendants sought Ms. Junttila's concurrence in the State Defendants' Motion to Dismiss. Ms. Junttila replied that she would not concur, because:

> As you know, this case is on appeal to the Sixth Circuit and to the United States Supreme Court. Therefore we are not in a position to respond to your request below until these appeals are decided. Further, we do not believe the district court has jurisdiction to consider your motion while the case is on appeal. (State Defendants' Request for Concurrence in Motion to Dismiss, RE 105-3, Page ID # 4432).

Ms. Junttila's refusal to voluntarily dismiss the case on December 22, 2020 forced the City and the State Defendants to incur additional expenses to draft their motions to dismiss.

Ms. Junttila's efforts to prolong the litigation did not end there. On January 12, 2021, Ms. Junttila filed a Motion for Extension of Time regarding the pending motions to dismiss, seeking a 7-day extension. (Plaintiffs' Motion for Extension of Time regarding Motions to Dismiss, RE 82, Page ID # 3857-3864). Ms. Junttila represented to the District Court that the "motion is not being made for the purpose of delay; rather, it is made in good faith based upon current assignments and a genuine need for more time to prepare a response." (*Id.* at Page ID # 3861). However, after the motion to extend was granted, Plaintiffs' counsel did not use the time granted to file a substantive response to the motions to dismiss. They responded by representing that notices of voluntary dismissal would be forthcoming and argued only that Defendants' requests for sanctions should be denied. (Plaintiffs' Opposition to Motions to Dismiss, RE 85, Page ID # 3883-3912). It was not an abuse

19

of discretion for the District Court to sanction Ms. Junttila under § 1927 for her role in "unreasonably and vexatiously multipl[ying] the proceedings in this case." (Opinion, RE 172, Page ID # 6941).

### D. The District Court had Inherent Authority to Sanction Ms. Junttila [11]

Ms. Junttila claims that the District Court abused its discretion in sanctioning her under its inherent authority because she merely filed an appeal and had no role in the District Court litigation. As explained above, this significantly misconstrues Ms. Junttila's role before the District Court.

Ms. Junttila argues that a district court may not use its inherent authority as an alternative basis for sanctioning conduct that is proscribed by Rule 11. This argument contravenes the Supreme Court's holding in *Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991). The Supreme Court explained that "neither is a federal court forbidden to sanction bad-faith conduct by means of the inherent power simply because the conduct could also be sanctioned under the statute or the Rules." *Id*. at 50. The *Chambers* court did note that, in such situations, "the court ordinarily should rely on the Rules rather than the inherent power." But the case at bar was anything

---

[11] The arguments raised by Ms. Junttila on this issue are substantially similar to those raised by Appellants L. Lin Wood and Emily Newman in their briefs (except regarding her involvement in the District Court litigation). (Case No. 2-1785, Dkt. 18); (Case No. 21-1787, Dkt. 17). Accordingly, the City's response is substantially similar.

but an ordinary case—it was a lawsuit the District Court found to be "a historic and profound abuse of the judicial process." (Opinion, RE 172, Page ID # 6890).

Ms. Junttila cites *United States v. Aleo*, 681 F.3d 290 (6th Cir. 2012) for the proposition that courts may not impose inherent authority sanctions for conduct that could be sanctioned under the Federal Rules of Civil Procedure. *Aleo* concerned a sanction against a criminal defendant's attorney for a motion which the district court judge believed to be filed in bad faith. *Aleo*, 681 F.3d at 305. On appeal, this Court reversed the district court's sanctions order, holding that the district court had failed to make any finding that the motion was filed for in improper purpose, as required to impose inherent authority sanctions. *Id.* At 305-06. Judge Sutton, in a concurring opinion cited by Ms. Junttila, argued that inherent authority sanctions should never be available when the conduct at issue could be addressed under the Federal Rules. *See id.* at 306-12 (Sutton, J. Concurring). Judge Sutton noted that, in a civil case, it would be improper for a court to use its inherent authority to sanction conduct that could be sanctioned under the Rules of Civil Procedure. *Id.* at 307. However, Judge Sutton drew this distinction because it would be improper for a court to use its inherent authority "to ease the burden of satisfying existing Civil Rules [or] to punish practices exempted by a Rule or that fall short of meeting a Rule's standard for sanctionable conduct." *Id.* at 308. Judge Sutton explained that it would be improper for a court to use its inherent authority to circumvent the procedural requirements of

Rule 11, not that a court may never rely on its inherent authority as an alternative basis for sanctions where it fully complies with the Federal Rules.

Most of the other cases cited by Ms. Junttila on this point are distinguishable on the same basis.[12] In *Animal Welfare Inst. v. Feld Entm't, Inc*., 944 F. Supp. 2d 1 (D.D.C. 2013) the district court determined that inherent authority sanctions were not warranted because the defendants were already entitled to recover their attorney fees under the Endangered Species Act and therefore there was no "gap" to be filled with inherent authority sanctions. *Id*. at 18. Here, the District Court determined there were sufficient grounds to sanction Ms. Junttila under its inherent authority, in addition to Rule 11 and § 1927. (Opinion RE 172, Page ID # 6990-6991). The decision of one district court not to impose sanctions under its inherent authority does not render the inherent authority sanctions imposed here an abuse of discretion.

Ms. Junttila further argues that the District Court erred in imposing inherent authority sanctions against her because it could not have found she committed "some act of bad faith or misconduct" where she filed an appearance and a notice of appeal. Again, this is simply a misrepresentation of Ms. Junttila's role before the District

---

[12] Some of the cases cited by Ms. Junttila suggest that a court may not impose inherent authority sanctions as a matter of law where the conduct could be sanctioned under the Rules or by statute. However, such a rule is inconsistent with the Supreme Court's holding in *Chambers*. Furthermore, all of the cases cited by Ms. Junttila on this point are from other circuits.

Court. The District Court determined that Ms. Junttila had participated in litigating a case that was filed for an improper purpose. (*Id.* at Page ID # 6991).

### E.    The District Court was not Required to Determine the Relative Culpability of Each Sanctioned Attorney

Ms. Junttila argues that the District Court erred in sanctioning each of Plaintiffs' attorneys, without determining the relative culpability of each individual attorney for the sanctionable conduct. Ms. Junttila cites no authority for the proposition that, when a group of lawyers participate jointly in sanctionable conduct, they cannot be sanctioned without detailed findings as to each lawyer's relative level of responsibility for the violation.[13] But this Court has recently held that district courts are not required to "precisely articulate[] the factual basis for sanctions for each individual attorney." *NPF Franchising, LLC v. SY Dawgs*, No. 21-3516, slip

---

[13] Several of the Appellants have sought to minimize their own involvement by emphasizing the culpability of their co-counsel. During the sanctions hearing Sidney Powell stated "I take full responsibility for the pleadings in this case…[i]t was my responsibility and it was Mr. Kleinhendler's." (Transcript, RE 157, Page ID # 5533). However, Ms. Powell and Mr. Kleinhendler now focus on what they characterize as the District Court's belief that Mr. Wood is the "proud, unbowed architect" of the litigation and object that the District Court's Opinion does not adequately explain "how Powell and Kleinhendler are Wood's equal in culpability." *See* Corrected Brief on Appeal of Rohl, Johnson, Kleinhendler, Powell, Haller and Hagerstrom, RE 27, Page ID # 87 (Case No. 21-1786). While Ms. Powell and Mr. Kleinhendler attempt to paint Mr. Wood as the ringleader, Mr. Wood claims he had no involvement with the litigation whatsoever. *See* Wood Brief on Appeal, RE 18, Page ID # 26-41 (Case No. 21-1785).

op. at 13, 2022 WL 2137145 at *7 (6th Cir. 2022) (reviewing sanctions imposed under Rule 37).

*In re Ruben*, 825 F.2d 977 (6th Cir. 1987), cited by Ms. Junttila, is inapposite; that case involved the review of sanctions imposed against an attorney where it was not clear whether the district court had relied on 28 U.S.C. § 1927 or its inherent authority. *Id*. at 981. The issue on appeal was not that the trial court had failed to determine the sanctioned attorney's culpability relative to co-counsel. Rather, the issue was that "the district court did not analyze the impact upon defendants of discrete acts of claimed misconduct" in a situation where the attorney at issue could not be sanctioned for filing the case in bad faith, as he had entered the case after it was instituted. *Id*. at 987, 990. The case was remanded so that the district court could determine "[t]he extent to which [the single attorney's] misfeasance…caused defendants to incur additional expenses." *Id*. No such defect is present here, where the District Court determined that Plaintiffs' counsel filed a baseless lawsuit for an improper purpose and that they had all therefore engaged in sanctionable conduct from the filing of the first pleading. (Opinion, RE 172, Page ID # 6990-6991). *In re Ruben* stands for the unremarkable proposition that sanctions must be tied to specific findings of sanctionable conduct, not that courts cannot sanction attorneys who collectively engage in sanctionable conduct without making detailed determinations as to each attorney's relative culpability for the violation.

24

Ms. Junttila cites *Goodyear Tire & Rubber Co. v. Haeger*, 137 S. Ct. 1178 (2017) for the proposition that sanctions under the trial court's inherent authority "are limited to the fees the innocent party incurred solely because of the misconduct…" Junttila Brief, RE 28, Page ID # 33 (Case No. 22-1010). But the Supreme Court reversed the lower court in *Goodyear Tire & Rubber Co.* because it had awarded attorney fees which covered "expenses that could be causally tied to Goodyear's misconduct and those that could not." *Id*. at 1185. The Supreme Court did not hold that, where a group of attorneys jointly participate in sanctionable conduct, the relative culpability of each attorney must be parsed; it merely held that fees awarded under a court's inherent authority are limited to those caused by the misconduct because "a court's shifting of fees is limited to reimbursing the victim." *Id*. at 1186. A joint and several sanction does exactly that.

Plaintiffs' counsel acted as a group, working together to engage in a "historic and profound abuse of the judicial process." (Opinion, RE 172, Page ID # 6890). The District Court properly determined that severe sanctions were warranted against each attorney "to deter the filing of future frivolous lawsuits designed primarily to spread the narrative that our election processes are rigged and our democratic institutions cannot be trusted." (*Id.* at Page ID # 6992-6993).

## F.    The Sanctions Assessed were Appropriate [14]

The District Court appropriately assessed attorney fees jointly and severally. The Court was not obligated to make findings regarding the relative culpability of each attorney, and the Court found that "[b]y agreeing to place their names on pleadings and/or motions, counsel are responsible for those submissions and will be held accountable" under Rule 11, § 1927 and the District Court's inherent authority. (Opinion, RE 172, Page ID # 6917).

Ms. Junttila argues that a joint and several award is improper because the District Court did not undertake an individualized assessment of her part in the sanctionable conduct. But this Court has recently held that, when reviewing a district court's imposition of joint and several liability for costs and fees against attorneys, a district court is not required to "match up every dollar of sanctions to every individual [attorney] sanctioned. A rough estimate is enough, and there is 'no precise rule for making these determinations.'" *NPF Franchising*, No. 21-3516, slip op. at 14, 2022 WL 2137145 at *8 (quoting *Hensely*, 461 U.S. at 436).

---

[14] The arguments raised by Ms. Junttila on appeal on this issue are substantially similar to those raised by Appellants L. Lin Wood and Emily Newman in their briefs (except regarding disciplinary referrals). (Case No. 21-1785, Dkt. 18); (Case No. 21-1787, Dkt. 17). However, after the City filed its briefs in those matters, this Court released its opinion in *NPF Franchising, LLC v. SY Dawgs*, No. 21-3516, 2022 WL 2137145 (6th Cir. 2022). The City has therefore added discussion of the Court's holding in that case to this section.

# CONCLUSION [15]

This is no ordinary case. These nine lawyers working together manipulated the federal judicial system to advance the Big Lie. The City railed against the threat posed by these unfounded allegations in its Rule 11 Motion, filed in January, 2021:

> Plaintiffs and their counsel understood that the mere filing of a suit (no matter how frivolous) could, without any evidence, raise doubts in the minds of millions of Americans about the legitimacy of the 2020 presidential election. (City's Rule 11 Motion, RE 78, Page ID # 3618).

This lawsuit was one component of a broader plan to undermine the presidential electoral process. On January 6, 2021, just one day after the filing of the City's Rule 11 Motion, the devastating consequences of these false claims were visited on our nation. As the City argued the day before the Capitol Insurrection:

> The extent of the factual and legal errors in the Complaint would warrant sanctions under any circumstances, but here the Court's processes are being perverted to undermine our democracy and to upset the peaceful transition of power. [These] attorneys deserve the harshest sanctions this Court is empowered to order. (*Id*. at Page ID # 3634-3635).

The City of Detroit respectfully asks this Court to affirm the sanctions ordered by the District Court.

---

[15] Because of the common issues in these four appeals, the City of Detroit's Conclusion is the same for each matter.

Respectfully submitted,

**FINK BRESSACK**

/s/ David H. Fink
David H. Fink (P28235)
Nathan J. Fink (P75185)
Attorneys for the City of Detroit
38500 Woodward Ave.; Suite 350
Bloomfield Hills, MI 48304
Tel: (248) 971-2500
dfink@finkbressack.com
nfink@finkbressack.com

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing Defendant-Appellee's Brief on Appeal was produced in Microsoft Word, 14 point, Times New Roman font and contains 6,454 words, thereby complying with the limitations set forth in Fed. R. App. P. 32(a)(7)(B).

## CERTIFICATE OF SERVICE

I hereby certify that on June 24, 2022, I electronically filed the foregoing document and this Certificate of Service with the Clerk of the Court using the ECF system, which sent electronic notification of such filing to all counsel of record.

FINK BRESSACK

By: _/s/ Nathan J. Fink_____
      Nathan J. Fink (P75185)
      38500 Woodward Ave., Suite 350
      Bloomfield Hills, Michigan 48304
      Tel: 248.971.2500
      Fax: 248.971.2600
      nfink@finkbressack.com

# ADDENDUM

## Designation of Relevant District Court Documents

| RE | Description of Document | Page ID # |
|----|------------------------|-----------|
| 1 | Complaint, Case No. 2:20-cv-13134 | 1-75 |
| 5 | City's Motion to Intervene | 840-857 |
| 6 | Amended Complaint, Case No. 2:20-cv-13134 | 872-957 |
| 7 | Plaintiffs' Injunction Motion | 1832-1849 |
| 8 | Plaintiffs' Emergency Motion to File Affidavits under Seal | 1850-1855 |
| 28 | Order Granting Motions to Intervene | 2142-2147 |
| 38 | Davis Answer to Plaintiffs' Complaint | 2751-2807 |
| 39 | City's Response to Injunction Motion | 2808-2852 |
| 49 | Plaintiffs' Reply in Support of their Injunction Motion | 3068-3098 |
| 62 | Opinion denying Injunction Motion | 3295-3330 |
| 63 | Stefanie Lynn Junttila Appearance | 3331 |
| 64 | Plaintiffs' Notice of Appeal | 3332 |
| 69 | Davis Motion for Sanctions | 3338-3349 |
| 70 | State Defendants' Motion to Dismiss | 3350-3428 |
| 72 | DNC and MDP Motion to Dismiss | 3433-3465 |
| 73 | City's Motion to Dismiss | 3544-3580 |
| 74 | Plaintiffs' Motion to Extend Time as to Davis | 3597-3599 |
| 76 | Order Granting Motion to Extend Time | 3610-3611 |

| 78 | City's Rule 11 Motion | 3616-3671 |
|---|---|---|
| 82 | Plaintiffs' Motion to Extend Time as to Motions to Dismiss | 3857-3864 |
| 85 | Plaintiffs' Opposition to Motions to Dismiss | 3883-3912 |
| 86-91 | Plaintiffs' Notices of Voluntary Dismissal | 4030-4047 |
| 92 | Plaintiffs' Motion for Voluntary Dismissal as to Davis | 4048-4053 |
| 93 | Plaintiffs' Response to Davis Motion for Sanctions | 4058-4079 |
| 95 | Plaintiffs' Opposition to City's Rule 11 Motion | 4110-4157 |
| 96 | Plaintiffs' Motion to File Extended Brief in Response to City's Rule 11 Motion | 4158-4160 |
| 105 | State Defendants' Sanction Motion | 4334-4378 |
| 105-3 | State Defendants' Request for Concurrence in Motion to Dismiss | 4432 |
| 109 | Plaintiffs' Motion for Leave to File Supplemental Brief regarding Sanctions Motions | 4481-4487 |
| 111 | Plaintiffs' Supplemental Opposition to City's Rule 11 Motion | 4548-4596 |
| 112 | Plaintiffs' Opposition to State Defendants' Motion for Sanctions | 4600-4661 |
| 113 | Plaintiffs' Motion to File Extended Brief to State Defendants' Sanctions Motion | 4732-4734 |
| 120 | Plaintiffs' Response to State Defendants' Supplemental Brief | 4995-5010 |
| 147 | Notice of Hearing | 5262-5263 |
| 149 | Pre-Hearing Order | 5265-5268 |
| 150 | Order for Supplemental Briefing | 5269 |
| 157 | Sanctions Hearing Transcript | 5303-5535 |

| 161-3 | City's Rule 11 Notice | 6058-67 |
|---|---|---|
| 172 | Sanctions Opinion | 6890-6999 |
| 179 | Order Regarding Monetary Sanctions | 7142-7168 |
| 180 | Judgment | 7169-7170 |
| 185 | Stefanie Lynn Junttila Notice of Appeal | 7179-7180 |