CASE NO. 22-1010

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

TIMOTHY KING,

    Plaintiff,

and

STEFANIE LYNN JUNTTILA,

    Interested Party-Appellant,

v.

GRETCHEN WHITMER; JOCELYN BENSION; CITY OF DETROIT, MI,

    Defendants /Appellees.

Appeal from the United States District Court
Eastern District of Michigan
Civil Case No. 2:20-cv-13134

**APPELLANT'S REPLY BRIEF**

Ms. Stefanie Lynn Junttila
Federal Criminal Attorneys of Michigan
500 Griswold Street
Suite 2340
Detroit, MI 48301

## TABLE OF CONTENTS

**TABLE OF AUTHORITIES** ........................................................................................ ii

**INTRODUCTION** ....................................................................................................1

**COUNTER-ARGUMENTS** .....................................................................................2

**CONCLUSION** .....................................................................................................12

**RELIEF REQUESTED** ..........................................................................................13

**CERTIFICATE OF COMPLIANCE** ....................................................................14

**CERTIFICATE OF SERVICE** ..............................................................................15

# TABLE OF AUTHORITIES

**Statutes**

28 U.S.C. § 1927 ............................................................................................... passim

**Cases**

*Chambers v. NASCO, Inc.*,
501 U.S. 32 (1991) ........................................................................................... 3, 8

*First Bank v. Hartford Underwriters Ins. Co.*,
307 F.3d 501 (6th Cir. 2002) ........................................................................... 9, 10

*Goodyear Tire & Rubber Co. v. Haeger*,
137 S. Ct. 1178 (2017) .................................................................................. passim

*In re Ruben*,
825 F.2d 977 (6th Cir. 1987) .................................................................................. 5

*NPF Franchising, LLC, et al. v. SY Dawgs, LLC, et al.*,
Case No. 21-3516 (6th Cir., June 15, 2022) ........................................................... 4

*Roadway Express, Inc. v. Piper*,
447 U.S. 752; 100 S. Ct. 2455; 65 L. Ed. 2d 488 (1980) ............................... 6, 7, 12

**Court Rules**

Fed. R. App. P. 3 .................................................................................................... 1

## INTRODUCTION

As required by Federal Rules of Appellate Procedure 3, this brief replies to the briefs of Appellees City of Detroit (Detroit) and the Governor of Michigan and Michigan Secretary of State (State).

Detroit's and the State's briefs constitute an attack that is primarily focused on Appellant's actions and conduct in the filing of an appeal. As iterated in Appellant's principal brief, a district court does not get to dictate the propriety of a lawyer's decision to file an appeal by using its powers to sanction counsel. Even less so does opposing counsel wield this power, despite that it may wish to. If it were otherwise, then a district court could adversely affect the decision of a lawyer to advocate on behalf of his or her clients. Document # 34, PageID 13-14.

One specific point should be raised with respect to Detroit's "factual revision" of the case. Detroit contends that Appellant understated her involvement by pointing to the fact that in a brief in opposition to dismiss, Appellant challenged the concerted effort on the part of Appellees to collectively sanction all lawyers involved in the underlying litigation. Document # 34, PageID 18-20. Of course, Appellees would continue their efforts to silence and quell any legal advocacy by making the absurd contention that opposing an effort on their part to do just that is itself proof of involvement in sanctionable conduct. To Appellees, there is no limit to their

attempts to sequester, concentrate, isolate, and then systematically snuff out all opposition.

The balance of Detroit's and the State's briefs attempts to use anecdotal examples and irrelevant occurrences outside of the underlying litigation to influence this Court so that it will ignore the rule of law.  In their attempt to appeal to this Court's emotions, they jettison the legal principles and rules applicable to Appellant's actions and conduct in this lawsuit, and resort to ad hominem attacks.  Their conclusion, when stripped of this superficial veneer and vacuous strategy, is that the District Court's award of sanctions was proper because Appellant deserved to be sanctioned.  Under any legitimate system of justice, this is an unsustainable and ultimately unjust position.

Rather than respond to these irrelevancies, the remainder of Appellant's brief will focus on the few and feeble "arguments of law" Appellees attempt to make.

## COUNTER-ARGUMENTS

Aside from merely repeating the claims that Appellant's mere participation as appellant counsel and her undertaking of her duties to preserve the legal issues and arguments made below by taking the necessary steps to maintain and preserve her clients' appellate rights is sanctionable, Detroit cites no case law to counter the legal arguments made in Appellant's principal brief.  Document # 34, PageID 20-26.  Detroit's arguments on these pages amounts to simplistic and pedestrian denial of

Appellant's points of law, rather than citing to and addressing the legal arguments and cases cited by Appellant regarding "presentment," "responsibility," and the District Court's authority to sanction under "28 U.S.C. § 1927".

When Detroit does finally get around to citing a case in support of an argument, it cites to *Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991), a case also cited by Appellant, but ignores the many predicate conditions that the Supreme Court in that case cautioned must exist before sanctions could be awarded under a district court's inherent powers. Most significantly in this regard is the requirement of "bad faith" conduct. Detroit fails to grapple with this precondition because it is simply impossible to ignore the exclusivity principle enunciated by the Supreme Court in *Chambers*, *supra*.

As noted in Appellant's brief, the district court automatically violated this rule by lumping all attorneys' conduct together under its ostensible authority to sanction under the court rules and 28 U.S.C. § 1927, and then, at the same time, hedging on its doubtful authority to do so by claiming it nonetheless had inherent authority, irrespective of a finding of individual accountability, much less individual bad faith on the part of the sanctioned attorney. *Chambers* still requires a specific finding of willful bad faith on the part of the attorney in the underlying litigation. The mere filing of an appeal and the pursuit of an appeal (and all predicate steps required to preserve same) is not, in itself, bad faith, even if a district court *could* consider *any*

*conduct* on the part of an attorney that files a notice of appeal – which, as demonstrated by Appellant, is something that a district court is not allowed to do. Rather than address this latter point head on, Detroit attempts to obscure the fact that Appellant's role as an appellate attorney must be treated differently by a district court.

Detroit makes a final attempt at a legal argument by citing to a case in which this Court affirmed a district court's sanctioning attorneys *from the same law firm* jointly and severally where they were found liable during a trial for discovery abuses under Rule 37 and sanctioned therefor. Document # 34, PageID 30-31, citing *NPF Franchising, LLC, et al. v. SY Dawgs, LLC, et al.*, Case No. 21-3516 (6th Cir., June 15, 2022), Slip Opinion, Document # 43-2. However, the sanctions award issued in that case was a *far cry* from pooling individual attorneys together and holding them all equally (jointly and severally) liable for sanctionable conduct under Rule 11 or 28 U.S.C. § 1927. To this extent alone, the case is inapposite.

However, going even further to discredit Detroit's using it for anything nearing legal analysis applicable to the instant case, this Court there nowhere states the proposition that sanctions against a combination of attorneys is per se acceptable. There must still be a "factual basis", and "justification" for the award; and again, an award against attorneys that are all part of the same law firm for a violation of discovery rules during litigation is nowhere close to a blanket holding that several

4

diverse attorneys are collectively liable for sanctions under Rule 11 or § 1927 without identifying specific instances of sanctionable conduct as to each attorney. See *NPF Franchising*, *supra* at 12.

Detroit's remaining attempts to "distinguish" or otherwise counter Appellant's arguments are even less persuasive. Document # 34, PageID 30. Both Rule 11 and § 1927 require analysis of the sanctions "resulting from" or "attributable to," respectively, the offending attorney's conduct. Despite Detroit's effort to obscure the point, this Court in *Ruben* required "exacting scrutiny" respecting "that portion of the sanction attributable" to the individual attorney's alleged misconduct. See *In re Ruben*, 825 F.2d 977, 990 (6th Cir. 1987). Further, the Court in *Goodyear Tire & Rubber Co. v. Haeger,* 137 S. Ct. 1178, 1184 (2017) held, as Appellant notes, that the sanctions must be limited to attorneys' fees incurred solely because of the misconduct of the attorney whose actions are under consideration. See Document # 28, PageID 32-33. If a district court must identify the misconduct of an attorney and issue sanctions only for that attorney's actions, and not impose other sanctions on that attorney, it must, of logical necessity, identify a causal link between that individual attorneys' conduct and the proposed sanctions. Under Rule 11 and § 1927, the Court noted, a causal link is required, and these provisions confirm "the need to establish a causal link between misconduct and fees when acting under inherent authority, given that such undelegated powers should be exercised with

5

especial 'restraint and discretion.'" *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, n.5, 137 S. Ct. 1178, 1186 (2017), citing *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 764, 100 S. Ct. 2455, 65 L. Ed. 2d 488 (1980). The district court's "melting pot" approach has never been sanctioned or approved, and in fact has been disavowed.

Detroit returns to this Court's opinion in *NFP*, *supra*, and makes a last-ditch attempt to pull a convenient quote from that case to make it appear that this Court approved awarding collective sanctions against a group of lawyers, but that is *not at all* the ruling of this Court. First, to the extent that it was required to (again, supportive of Appellant's principal argument in this regard), the district court *did articulate* "whom the sanctions were imposed on and why". *NFP*, *supra* at PageID 14. Secondly, a "rough estimate" after such articulation was sufficient because the sanctions were imposed against lawyers in the same law firm for discovery abuses committed under Rule 37. *Id*.

To the extent that Detroit makes "legal arguments," they are substantively devoid of honest and intellectually rigorous legal analysis. The remaining rhetoric is just that; ad hominem attacks on Appellant's character and attribution to her of events and occurrences that have nothing to do with the underlying litigation, much less Appellant's limited involvement therein. These latter gratuitous statements on the part of Detroit are unworthy of this Court's time or attention.

6

The State's attorneys do not fare much better in their attempts to counter Appellant's legal arguments. Indeed, they admit that the District Court failed to itemize and parse out the "collective" penalty imposed. Thus, the State is left confined to address Appellant's arguments regarding the legal deficiencies in the District Court's imposition of sanctions, namely, the issue of the propriety of sanctioning an appellate attorney for filing an appeal, and then, "presentment," "responsibility," the propriety of adding additional sanctions under 28 U.S.C. § 1927; jumping to "inherent authority" sanctions without addressing these prior issues *a priori*.

The State forgets all these predicate requirements and goes straight into arguing that the District Court can sanction an attorney under its inherent authority powers. See Document # 33, PageID 25-26. However, none of the State's arguments address the fundamental prima facie argument made by Appellant that before it awards sanctions under any rule or statute, and indeed, under its inherent authority, it must first "establish a causal link between misconduct and fees, given that such undelegated powers should be exercised with especial 'restraint and discretion.'" *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 764; 100 S. Ct. 2455; 65 L. Ed. 2d 488 (1980), quoted in *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, n.5, 137 S. Ct. 1178, 1186 (2017). No rule or statute, much less inherent authority, allows a district court to issue blanket sanctions awards without

articulating first a reason, and second individualized (particularized) conduct. Otherwise, "joint and several" liability could be imposed without regard to responsibility and a party with little or no true responsibility may be saddled with an unwarranted, indeed, constitutionally suspect award. But, as the Supreme Court has admonished district courts, an award must be "calibrated" so that it only covers the legal bills that the litigation abuse occasioned. "If an award extends further than that…then it crosses the boundary from compensation to punishment. Hence the need for a court, when using its inherent sanctioning authority (and civil procedures), to establish a causal link—between the litigant's misbehavior and legal fees paid by the opposing party." *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 137 S. Ct. 1178, 1186 (2017).

The State does nothing to enhance the legal discussion concerning the Rule 11 issue or 28 U.S.C. § 1927, preferring to piggyback on the weak offering made by the Detroit with respect to these rules. Indeed, the state repeats itself in several paragraphs "verbatim" to attempt to shore up its only legal argument. State's Brief, Document # 33, PageID 25-27.

Like Detroit, the State attempts to discount Appellant's argument that the Supreme Court requires a district court to justify its inability to award sanctions under court rule or statute before passing on to its inherent authority. State's Brief, Document # 33, PageID 29-31, citing *Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991).

In this regard, the State completely ignores the added requirement, actually required by *Chambers*, *supra* (as already pointed out by Appellant, see page 3, supra), that "inherent authority" to sanction requires not only individualized or particularized attribution (something the State admits is lacking in this case), but also a finding of *wilful misconduct amounting to bad faith*. See Appellant's Brief, Document # 28, PageID 29-31.  The State also ignores the litany of cases, including from this Court, that cite *Chambers* in support of Appellant's positions. See Appellant's Brief, Document # 28, PageID 29-31.

Citing a 6-page span of this Court's opinion in *First Bank v. Hartford Underwriters Ins. Co.*, 307 F.3d 501, 513 (6th Cir. 2002), the State makes the blanket proposition that a district court can rely on its inherent powers even where sanctionable conduct may be addressed under other court rules and statutes. However, the State fails to consider that first, there must have been a finding of "bad faith," which must also be made with respect to individual attorney and his or her particularized conduct (which, again, the State admits did not occur here), and second, *Chambers*, *supra*, and this Court's subsequent readings thereof, requires "exceptional circumstances" to justify a district court's decision to jump straight to its inherent powers before going through the rules and procedures that ensure and guarantee adherence to the interests of justice, advocacy, and ultimately, due process engrained within the rules and statutes allowing attorneys to be sanctioned in the

9

first place. See *First Bank*, *supra*. Thus, it is no surprise that the State would jump straight to advocating a district court's "inherent authority" to sanction, as there is, under this novel and dangerous theory of power, no real protections against abuse.

Moreover, as pointed out by Appellant, according to this Court's later case, *United States v. Aleo*, 681 F.3d 290, 305 (6th Cir. 2012), those exceptional circumstances in which a district court can exercise its inherent power to sanction is when a party has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons," or when the conduct was "tantamount to bad faith" and the district court "*must* set forth evidence that the party acted in bad faith" and "must find *something more* than that a party knowingly pursued a meritless claim or action at any stage of the proceedings." *Id*.

The State makes no attempt to explain how a district court could possibly meet this "exceptional circumstance" requirement, where even the State admits the district court made no individualized or particularized findings as to the conduct of *any of the individual attorneys*. This is because the State cannot explain this.

The State next asserts that Appellant waived the ability to challenge the District Court's conclusion that the lawsuit was meritless. See Document # 33, PageID 31-32. However, this is a rather gratuitous assumption, especially where the State admits that the District Court did not articulate, and therefore could not identify, the required individualized mental state of the attorneys and when, or even

10

whether, they "knew or should have known" the lawsuit was meritless. Saying that Appellant waived this argument when the District Court never engaged in the proper analysis regarding individualized identification of particularized, sanctionable conduct and attribution thereof to the resulting harm is akin to an umpire calling a strike against the batter before the pitcher even engages in his or her windup on the pitcher's mound. It would be futile in such a circumstance to require the batter to appeal the called strike where there was no pitch. The same irrefutable logic obtains here.

Finally, the State falls into the same flawed reasoning as the District Court. Document # 33, PageID 35-36. Simply "saying" that Appellant was not being sanctioned because she filed an appeal without demonstrating where Appellant's specific conduct led to the alleged sanctions does not *cure* the defect of sanctioning an attorney that merely files an appeal. This is why, as pointed out in Appellant's brief, and unchallenged by the State, a District Court is prohibited from sanctioning an attorney for filing an appeal.

The remainder of the State's arguments mirror those made by Detroit, with the exception of the State's mischaracterization of 28 U.S.C. § 1927 as not requiring a determination of each attorney's individual and particularized conduct. As pointed out by Appellant, the statute still requires that a district court articulate its findings and the Supreme Court has ruled that under this provision, "a causal link is required."

11

*Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, n.5, 137 S. Ct. 1178, 1186 (2017); *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 764, 100 S. Ct. 2455, 65 L. Ed. 2d 488 (1980).

## CONCLUSION

Detroit and the State have failed to counter any of the actual legal arguments and analysis presented in Appellant's brief. The Appellees' briefs constitute a simplistic reiteration of why they subjectively *believe* Appellant should be sanctioned, rather than providing legitimate justification and sound legal reasoning under the court rules, statutes, or inherent authority of the district court.

What *is* clear from the Appellees' briefs is their desire to stifle legal advocacy in courts of law. Punitive sanctions, against lawyers, no matter how much an opposing party may wish they could be imposed, serve only to suppress and ultimately destroy zealous advocacy and intellectually robust legal arguments and litigation. Indeed, it is quite clear from the caustic and provocative rhetoric spewed out in their briefs, that this is exactly what the Appellees are aiming for here.

Allowing a district court to skip all the rules and statutes, exercise purportedly unbridled "inherent authority" and issue a blanket sanctions award is tantamount to allowing trial courts, before any litigation has even occurred to effectively neutralize any possible inquiry into legal claims through the litigation process. Countenancing such a broad-ranging and unrestrained power in a district court *before* even allowing

a trial on the merits to proceed, much less even an appeal, is the equivalent of giving a district court the power to vaporize exploration of any potentially viable legal theories or positions in a case.

## RELIEF REQUESTED

Appellant submits that the District Court erred in its award of sanctions. For the reasons stated in her principal brief and in this reply, Appellant respectfully requests that this Court reverse the District Court's order and judgment.

Respectfully submitted by,

/s/ Stefanie Lambert Junttila

Date:  September 12, 2022

## CERTIFICATE OF COMPLIANCE

Appellant hereby submits that this Reply Brief complies with the format and length requirements in Fed. R. App. P. 32(a)(7)(B)(i) and 6 Cir. R. 32, in that it is presented in an appropriate type-face (Times New Roman) and size (14-point) and contains 2,999 words not including those parts excluded by Fed. R. App. P. 32(f).

Respectfully submitted by,

/s/ Stefanie Lambert Junttila

Date:  September 12, 2022

## CERTIFICATE OF SERVICE

STEFANIE LAMBERT JUNTTILA, *in propria persona*, being first duly sworn, deposes and states that on the 12th day of September, 2022, she caused a copy of the within Reply Brief to be served upon all parties of record by electronically filing and serving same upon counsel of record for the parties, each of whom is registered with the United States Court of Appeals for the Sixth Circuit.

Respectfully submitted by,

/s/ Stefanie Lambert Junttila